UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE STATE STREET BANK AND TRUST CO. FIXED INCOME FUNDS INVESTMENT LITIGATION | : : : : | MDL No. 1945 |
| NING YU, On Behalf of Himself and All Others Similarly Situated, | : : : | |
| Plaintiff, | : : | No. 08 Civ. 8235 (RJH)(DFE) |
| vs. | : : | **ECF CASE** |
| STATE STREET CORPORATION, et al., | : : | **Electronically Filed** |
| Defendants. | : : | |
| PLUMBERS AND STEAMFITTERS UNION LOCAL NO. 10 HEALTH & WELFARE FUND, Individually and on Behalf of All Others Similarly Situated, | : : : : : | |
| Plaintiff, | : : | No. 08 Civ. 7934 (RJH)(DFE) |
| vs. | : : | **ECF CASE** |
| STATE STREET CORPORATION, et al., | : : | **Electronically Filed** |
| Defendants. | : | |

**INDEPENDENT TRUSTEES' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINTS**

Reply

Plaintiffs' lengthy opposition reduces to four unavailing points:

1. They assert that publicly reported external events occurring at different times comprise material prospectus omissions at all times, regardless of whether the events pre- or post-date one or more prospectuses, and despite the fact that they were publicly reported:

> a rising U.S. prime rate; a decline in property values; a significant increase in the U.S. mortgage default rate, particularly for sub-prime mortgage loans; a drop in the sales of existing homes, with a commensurate rise of homes on the market; late mortgage payments rising; and mortgage lenders revealing enormous losses and declaring bankruptcy. See Yu Compl. ¶¶ 40-55; Opposition at 18.

No case holds that there is a duty to disclose such publicly reported external events, or that failure to do so states a claim of material omission from a securities prospectus for a bond fund.[1]

2. Plaintiffs do not challenge that the Funds' disclosed NAV accurately stated the NAV as computed. Rather they state, "Defendants should have marked-down the value of their mortgage-related assets." (Opposition at 9.) Under Santa Fe, however, the Supreme Court has held that claims of mismanagement do not state federal securities misrepresentation claims.[2]

3. Contrary to plaintiffs' assertions, the Schedules of Investments incorporated in the Prospectuses identified by name every single investment comprising the Fund portfolio, leaving nothing to inference.[3]

---

[1] See, e.g., Panther Partners, Inc. v. Ikanos Commc'ns, Inc., 538 F. Supp. 2d 662, 664 (S.D.N.Y. 2008) (dismissing § 11 and § 12(a)(2) claims; where a prospectus disclosed firm-specific risks, each investor can combine this with economic information in the public domain to make his/her assessment).

[2] Santa Fe Indus., Inc. v. Green, 430 U.S. 462, 477 (1977) (holding that "instances of corporate mismanagement" are not actionable under § 10(b) of the Securities Exchange Act of 1934). Courts routinely apply Santa Fe in dismissing § 11 and § 12 claims alleging mismanagement. E.g., Portannese v. Donna Karan Int'l, Inc., No. 97-CV-2011 CBA, 1998 WL 637547, at **9-10, n.8 (E.D.N.Y. Aug. 14, 1998) (dismissing § 11 and § 12 claims on the grounds that plaintiffs' allegations "constitute[d] nonactionable claims of mismanagement").

[3] For example, the 2006 Annual Report at 9-10 lists "Residential Asset Securities Corp. (Ê) Series 2005-KS7 Class A1 5.424% due 08/25/35" and "SG Mortgage Securities Trust (Ê) Series 2005-OPT Class M2 5.774% due 10/25/35" under the Asset-Backed Securities subheading. (Skinner Decl. Ex. C.) Note (Ê) states "Adjustable or floating rate security. Rate shown reflects rate in effect at period end." Id. at 53.

      4.      Contrary to Plaintiffs' assertions, under <u>Vivendi</u>, where a defendant had no personal financial interest in the sales (in <u>Vivendi</u>, none was alleged as to Mr. Hannezo, here none is alleged as to the Independent Trustees), he is not a statutory § 12(a)(2) solicitor.[4]

Dated: April 20, 2009　　　　　　　　　　　　　Respectfully submitted,
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Thomas J. Dougherty
　　　　　　　　　　　　　　　　　　　　　　　　Thomas J. Dougherty
　　　　　　　　　　　　　　　　　　　　　　　　Peter Simshauser
　　　　　　　　　　　　　　　　　　　　　　　　Michael S. Hines
　　　　　　　　　　　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE,
　　　　　　　　　　　　　　　　　　　　　　　　　　MEAGHER & FLOM LLP
　　　　　　　　　　　　　　　　　　　　　　　　Four Times Square
　　　　　　　　　　　　　　　　　　　　　　　　New York, New York  10036
　　　　　　　　　　　　　　　　　　　　　　　　(212) 735-3000
　　　　　　　　　　　　　　　　　　　　　　　　dougherty@skadden.com
　　　　　　　　　　　　　　　　　　　　　　　　psimshau@skadden.com
　　　　　　　　　　　　　　　　　　　　　　　　mhines@skadden.com

　　　　　　　　　　　　　　　　　　　　　　　　　　　-- and --

　　　　　　　　　　　　　　　　　　　　　　　　One Beacon Street
　　　　　　　　　　　　　　　　　　　　　　　　Boston, Massachusetts  02108
　　　　　　　　　　　　　　　　　　　　　　　　(617) 573-4800

　　　　　　　　　　　　　　　　　　　　　　　　Counsel for Defendants
　　　　　　　　　　　　　　　　　　　　　　　　Lynn L. Anderson, Steven J. Mastrovich,
　　　　　　　　　　　　　　　　　　　　　　　　William L. Marshall, Patrick J. Riley, Bruce D.
　　　　　　　　　　　　　　　　　　　　　　　　Taber, Richard D. Shirk and Henry W. Todd

---

[4]   <u>Vivendi Universal, S.A. Sec. Litig.</u>, 381 F. Supp. 2d 158, 187 (S.D.N.Y. 2003) (dismissing § 12 claim brought against chief financial officer because there were no "facts alleged to show how [he] stood to financially gain from his actions").

## **CERTIFICATE OF SERVICE**

        I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as indicated on the Notice of Electronic Filing.  I further certify that on April 20, 2009, I caused a true copy of the foregoing document to be served by first class mail, postage prepaid upon the following counsel:

    Robert J. Dyer III
    Jeffrey A. Berens
    DYER & BERENS LLP
    682 Grant Street
    Denver, CO  80203

    *Co-Lead Counsel for Plaintiff Ning Yu*

    Corey D. Holzer
    Michael I. Fistel, Jr.
    HOLZER HOLZER & FISTEL, LLC
    1117 Perimeter Center West, Suite E-107
    Atlanta, GA  30338

    *Counsel for Plaintiff Ning Y*u

Dated:  April 20, 2009                                     /s/ Thomas J. Dougherty
                                                                        Thomas J. Dougherty