UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

In re STATE STREET BANK AND TRUST  :    MDL No. 1945
CO. FIXED INCOME FUNDS             :
INVESTMENT LITIGATION              :
                                   :
———————————————————————————        :
                                   :
NING YU, On Behalf of Himself and All   :    Civil Action No. 1:08-cv-08235-PAC
Others Similarly Situated,              :    (Relates to MDL No. 1945)
                                        :
               Plaintiff,   :    <u>CLASS ACTION</u>
                                        :
    vs.                                 :
                                        :
STATE STREET CORPORATION, et al.,       :
                                        :
             Defendants.  :
                                        :
———————————————————————————— x

SETTLEMENT AGREEMENT

This Settlement Agreement dated March 20, 2012 (the "Stipulation") is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure and contains the terms of a settlement by and among the following Settling Parties to the litigation captioned *Yu v. State Street Corporation, et al.* (the "Litigation"): (i) Lead Plaintiff Anatoly Alexander (on behalf of himself and each of the Class Members, as defined below); and (ii) State Street Corporation, SSgA Funds Management, Inc., SSgA Funds, Lynn L. Anderson, Peter G. Leahy, William L. Marshall, Steven J. Mastrovich, Patrick J. Riley, James Ross, Richard D. Shirk, Mark E. Swanson, Bruce D. Taber and Henry W. Todd (collectively, "Defendants"), by and through their respective undersigned counsel.

This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims against the Released Persons, upon and subject to the terms and conditions hereof and subject to the approval of this Court.

## I.   THE LITIGATION

On June 30, 2008, Ning Yu filed a class action complaint in the United States District Court for the District of Massachusetts on behalf of investors in the SSgA Yield Plus Fund (the "Fund") between July 1, 2005 and May 31, 2008, inclusive, alleging violations of the Securities Act of 1933. In September 2008, the Panel on Multidistrict Litigation transferred the case to the Southern District of New York (the "Court") where it was assigned Case No. 1:08-cv-08235-RJH and coordinated with MDL No. 1945.  On February 13, 2009, the Court appointed Anatoly Alexander as Lead Plaintiff, and approved Coughlin Stoia Geller Rudman & Robbins LLP (n/k/a Robbins Geller Rudman & Dowd LLP) and Dyer & Berens LLP as Co-Lead Counsel.  Lead Plaintiff filed his Amended Complaint for Violation of the Federal Securities Laws ("Amended Complaint").

Thereafter, Defendants moved to dismiss the Amended Complaint on numerous grounds.  In a Memorandum Opinion and Order dated February 22, 2010, the Court held that Lead Plaintiff's

- 1 -

Amended Complaint did not adequately plead the existence of materially false or misleading statements in the Fund's offering documents. The Court dismissed that complaint with prejudice.

On March 17, 2010, Lead Plaintiff moved for reconsideration of the portion of the Court's February 22, 2010 Memorandum Opinion and Order denying the right to replead, and attached a proposed Second Amended Class Action Complaint in support of his motion.

On July 14, 2010, the Court granted Lead Plaintiff's motion for reconsideration and for leave to amend.

On July 28, 2010, Lead Plaintiff filed his Second Amended Class Action Complaint (the "Complaint"). Defendants moved to dismiss the Complaint, which motions were opposed by Lead Plaintiff. Following oral argument, on March 31, 2011, the Court issued a Memorandum Opinion and Order granting the motions with prejudice.

On April 29, 2011, Lead Plaintiff filed a Notice of Appeal in the Second Circuit Court of Appeals, and on August 4, 2011, filed his opening appeal brief.

Following the filing of Lead Plaintiff's opening brief, the Settling Parties held discussions in an effort to resolve the Litigation, and on November 2, 2011, the Settling Parties reached an agreement-in-principle to settle the Litigation on the terms set forth herein.

## II.   CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Co-Lead Counsel, on behalf of Lead Plaintiff, submit that they have conducted a thorough investigation relating to the claims and the underlying events and transactions alleged in the Complaint. This investigation included, without limitation, the review of millions of pages of documents produced in the related MDL litigations, review and analysis of damage-related data provided by Defendants, and a comprehensive analysis of publicly-available documents related to the Fund. Lead Plaintiff continues to believe that the claims asserted in the Litigation have merit.

However, Lead Plaintiff and Co-Lead Counsel are mindful of the fact that the Court dismissed the case with prejudice based upon a legal issue for which there arguably is no controlling authority directly on point. Accordingly, the prospects for success on appeal are at best uncertain. They further recognize, even if successful, the significant expense, length, and complexity of continued proceedings necessary to prosecute the Litigation against Defendants through appeal and trial. Lead Plaintiff and Co-Lead Counsel also have taken into account the uncertain outcome and the risk of litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. They also are mindful of the procedural posture of the case and the inherent problems of proof of, and defenses to, the allegations and claims asserted in the Litigation.

Accordingly, Lead Plaintiff, through his counsel, conducted discussions and arm's-length negotiations with counsel for Defendants with respect to a compromise and settlement of the Litigation, with a view to settling the issues in dispute with Defendants and achieving the best relief possible consistent with the interests of the Class.

Based upon their investigation and knowledge of the relevant legal issues, Co-Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the Class, and in their best interests. Co-Lead Counsel and Lead Plaintiff believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class and each of the Class Members, and have agreed to settle the claims raised in the Litigation pursuant to the terms and provisions of this Stipulation after considering: (a) the benefits that Lead Plaintiff and the members of the Class will receive from the settlement of the Litigation; (b) the attendant risks of continuing litigation; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

- 3 -

### III.   NO ADMISSION OF WRONGDOING BY DEFENDANTS

Defendants deny that they have committed or intended to commit any wrongdoing or violations of law arising out of any of the conduct, statements, acts, or omissions alleged in the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Defendants further deny that they made any material misstatements or omissions in the Fund's offering materials or that Lead Plaintiff or the Class, as defined below, have suffered any damages; that Lead Plaintiff or the Class were harmed by any conduct alleged in the Litigation or that could have been alleged therein; or that any causal connection could be established between the alleged misrepresentations and any alleged harm to Lead Plaintiff or the Class. The Individual Defendants, as defined below, deny the allegations against them concerning any alleged wrongdoing or violations of law, and further assert that, at all relevant times, they acted in good faith and in a manner they reasonably believed to be in the best interests of the Fund.

Defendants, however, recognize the uncertainty and the risk of the outcome of any litigation, especially complex securities litigation, and the difficulties and substantial burden, expense, and length of time necessary to continue to defend this proceeding. To eliminate the burden and expense of further litigation, Defendants wish to settle the Litigation on the terms and conditions stated in this Stipulation and to put the Released Plaintiffs' Claims (defined below) to rest finally and forever, without in any way acknowledging any wrongdoing, fault, liability, causation, or damages to Lead Plaintiff and the Class.

This Stipulation and all negotiations, discussions, and proceedings in connection herewith shall not be deemed or constitute a presumption, concession, or admission by any of the Settling Parties of any fault, liability, or wrongdoing by them, and shall not be interpreted, construed, deemed, involved, offered, or received in evidence or otherwise used by any Person in the Litigation,

- 4 -

or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of this Stipulation. If the Settlement does not receive Final approval of the Court, the Settling Parties shall revert to their respective litigation positions as if this Stipulation, and all negotiations, discussions, and proceedings in connection herewith, never existed.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiff (on behalf of himself and each of the Class Members) and Defendants, by and through their respective undersigned counsel or attorneys of record, that without any admission or concession on the part of Lead Plaintiff of any lack of merit of the Litigation whatsoever, and without any admission or concession by Defendants of any liability or wrongdoing or lack of merit in the defenses to the Litigation whatsoever, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in consideration of the benefits flowing to the Settling Parties from the Settlement, that all Released Plaintiffs' Claims as against the Released Persons, and all Released Defendants' Claims, shall be finally, fully, and forever compromised, settled, and released and the Litigation shall be dismissed with prejudice as to all Released Persons, upon and subject to the following terms and conditions:

### 1.    Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1    "Action" or "Litigation" means the putative shareholder class action captioned *Yu v. State Street Corporation, et al.*, Civil Action No. 1:08-cv-08235-PAC, originally filed in the United States District Court for the District of Massachusetts and thereafter transferred to the United States District Court for the Southern District of New York.

- 5 -

1.2    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.3    "Claims Administrator" means the firm of Boston Financial Settlement Administration Solutions.

1.4    "Class" and "Class Members" mean all Persons and entities who purchased shares of the SSgA Yield Plus Fund between July 1, 2005 and May 31, 2008, inclusive. Excluded from the Class are Defendants, officers and directors of the Defendant entities, members of the immediate families of each of the Individual Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, or is a beneficiary, and the legal representatives, agents, heirs, successors or assigns of any such excluded party. Also excluded from the Class are any putative Class Members who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice.

1.5    "Class Period" means the period between July 1, 2005 and May 31, 2008, inclusive.

1.6    "Co-Lead Counsel" means Robbins Geller Rudman & Dowd LLP or its successor(s) and Dyer & Berens LLP or its successor(s).

1.7    "Defendants" means State Street Corporation, SSgA Funds Management, Inc., SSgA Funds, Lynn L. Anderson, Peter G. Leahy, William L. Marshall, Steve J. Mastrovich, Patrick J. Riley, James Ross, Richard D. Shirk, Mark E. Swanson, Bruce D. Taber and Henry W. Todd.

1.8    "Defendants' Affiliates" means any and all of Defendants' respective present, former and future officers, directors, employees, managers, members, managing members, fiduciaries, managing directors, agents, managing agents, advisors, consultants, insurers, co-insurers, reinsurers, trustees, underwriters, financial advisors, commercial bank lenders, investment bankers, associates, representatives, affiliates, parents, subsidiaries, partnerships, member firms, partners, joint ventures,

- 6 -

limited liability companies, corporations, divisions, shareholders, principals, trusts, foundations, family members, beneficiaries, distributors, heirs, executors, personal representatives, estates, administrators, predecessors, successors and assigns, and their respective former, current and future direct or indirect equity holders, controlling persons, stockholders, general or limited partners or partnerships, or assignees and including, but not limited to, any directors, officers, agents, partners, members, managers, or employees of any of the foregoing.

1.9     "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶11.1 below.

1.10     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and Dyer & Berens LLP, or their successor(s), acting as agents for the Class.

1.11     "Final" means: (i) the date of final affirmance on an appeal of the Order and Final Judgment (as defined below), the expiration of the time for a petition for or a denial of a writ of certiorari to review the Order and Final Judgment and, if certiorari is granted, the date of final affirmance of the Order and Final Judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Order and Final Judgment or the final dismissal of any proceeding on certiorari to review the Order and Final Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Order and Final Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of allocation, and/or application for attorneys' fees, costs, or expenses, shall not in any way delay or preclude the Order and Final Judgment from becoming Final.

1.12    "Individual Defendants" means Lynn L. Anderson, Peter G. Leahy, William L. Marshall, Steven J. Mastrovich, Patrick J. Riley, James Ross, Richard D. Shirk, Mark E. Swanson, Bruce D. Taber and Henry W. Todd.

1.13    "Lead Plaintiff" means Anatoly Alexander.

1.14    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, which is to be sent to all Class Members, substantially in the form attached hereto as Exhibit A-1, or as modified pursuant to agreement of the Settling Parties or order of the Court.

1.15    "Order and Final Judgment" means the proposed order to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

1.16    "Parties" means Lead Plaintiff (on behalf of himself and each of the Class Members) and Defendants.

1.17    "Person" means any individual, corporation, limited liability company, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.18    "Plaintiffs' Counsel" means any counsel who have appeared on behalf of any plaintiff in the Litigation.

1.19    "Preliminary Approval Order" means the proposed order to be entered by the Court preliminarily approving the Settlement and directing notice thereof to the Class, substantially in the form of Exhibit A attached hereto.

1.20    "Proof of Claim" means the proposed Proof of Claim and Release form to be submitted by Class Members, substantially in the form attached hereto as Exhibit A-2.

- 8 -

1.21    "Released Claims" means all of the Released Plaintiffs' Claims and all of the Released Defendants' Claims, as defined herein.

1.22    "Released Defendants' Claims" are defined in ¶12.3 of this Stipulation.

1.23    "Released Persons" are defined in ¶12.1 of this Stipulation.

1.24    "Released Plaintiffs' Claims" are defined in ¶12.2 of this Stipulation.

1.25    "Settlement" means the settlement embodied by this Stipulation.

1.26    "Settlement Hearing" means the final hearing to be held by the Court to determine whether to approve the Settlement of the Litigation as set forth herein.

1.27    "Settling Parties" means, collectively, each of the Defendants and Lead Plaintiff on behalf of himself and each of the Class Members.

1.28    "Summary Notice" means the Summary Notice to be published in *Investor's Business Daily*, and over the *Business Wire* or *PR Newswire*, substantially in the form attached hereto as Exhibit A-3, or as modified pursuant to agreement of the Parties or order of the Court.

1.29    "Unknown Claims" means any Released Plaintiffs' Claims which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, would or might have affected his, her or its settlement with and release of the Released Persons, or would or might have affected his, her or its decision not to object to the Settlement; and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release, which, if known by him, her or it, would or might have affected his, her or its decision(s) with respect to the Settlement.   Lead Plaintiff or the Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Lead Plaintiff and the Class Members shall expressly,

- 9 -

upon the Effective Date, be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims (including Unknown Claims, as defined herein), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Likewise, Defendants may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Defendants' Claims, but Defendants shall expressly waive, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Defendants' Claims (including Unknown Claims, as defined herein), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge, and the Class Members by operation of law shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims, Released Defendants' Claims and Released Plaintiffs' Claims was separately bargained for and was a key element of the Settlement, of which this release is a material and essential part, and expressly waive the benefits of (i) the provisions of §1542 of the California Civil Code, which provides that:

669958_2

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR,

and (ii) any and all provisions or rights conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.

## 2.    Scope and Effect of Settlement

2.1    The satisfaction of the obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Litigation and any and all Released Claims as against all Released Persons.

2.2    Upon the Effective Date, Lead Plaintiff and members of the Class, on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, and any Persons they represent, shall, with respect to each and every Released Plaintiffs' Claim, release and fully, finally, and forever discharge, and shall forever be enjoined from prosecuting, any Released Plaintiffs' Claim against any of the Released Persons.

2.3    Upon the Effective Date, each of the Released Persons, on behalf of themselves and their heirs, successors, and assigns, shall release and fully, finally, and forever discharge each and every one of the Released Defendants' Claims, and shall forever be enjoined from prosecuting the Released Defendants' Claims.

## 3.    The Settlement Consideration

### a.    The Settlement Fund

3.1    In full settlement of the Released Plaintiffs' Claims, within five (5) business days after the Court enters the Preliminary Approval Order, State Street shall cause to be paid the sum of Six Million Two Hundred and Fifty Thousand Dollars ($6,250,000) (the "Settlement Amount") into

- 11 -

669958_2

a separate interest-bearing escrow account maintained by the Escrow Agent, on behalf of Lead Plaintiff and the Class. The sum in the interest-bearing escrow account, from which any Taxes (as defined below) and other expenses and costs as described below shall be paid, shall be the "Settlement Fund."

3.2     The Settlement Fund shall be applied as follows:

(a)     to pay the Notice and Administration Costs referred to in ¶5.2 hereof;

(b)     to pay the attorneys' fee and expense award referred to in ¶¶6.1-6.4 hereof;

(c)     to pay the Taxes and Tax Expenses described in ¶3.7 hereof; and

(d)     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as provided in ¶¶7.1-7.5 hereof.

3.3     Other than cooperating as necessary with respect to the "relation-back election" as set out in ¶3.7 hereof, the Released Persons shall have no responsibility for maintaining or investing the Settlement Amount or the Settlement Fund, for the establishment or maintenance of the escrow account, for the payment of Taxes or Tax Expenses, or for the distribution of the Settlement Fund or the administration of the Settlement. The Released Persons take no position with respect to the provisions of this Stipulation governing those issues. The Released Persons shall have no further or other liability or obligations to Lead Plaintiff, Co-Lead Counsel, or any member of the Class with respect to the Released Claims except as expressly stated in this Stipulation.

**b.     The Escrow Agent**

3.4     The Escrow Agent shall invest any funds in the Settlement Fund in excess of One Hundred Thousand Dollars ($100,000) in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government, or any agency thereof, and shall reinvest the proceeds of those instruments as they mature in similar instruments at their

- 12 -

then-current market rates.  Any funds held by the Escrow Agent in escrow hereunder in an amount of less than One Hundred Thousand Dollars ($100,000) shall be held in an interest-bearing bank account insured by the FDIC.  The Escrow Agent shall bear all risks related to investment of the Settlement Fund and shall indemnify the Released Persons and hold them harmless from and against any losses related to investment of the Settlement Fund.

3.5     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed or returned to the Person(s) paying the same pursuant to this Stipulation and/or further order(s) of the Court.

3.6     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of counsel for Defendants and Co-Lead Counsel.

### c.     Taxes and Tax Expenses

3.7     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Reg. §1.468B-2(k)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provision of this ¶3.7, including the "relation-back election" (as defined in Treasury Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The

- 13 -

Escrow Agent shall timely and properly file, or cause to be timely and properly filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶3.7(a) hereof) shall be consistent with this ¶3.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.7(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriment that may be imposed upon the Released Persons with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund and operation and implementation of this ¶3.7 (including, without limitation, expenses of tax attorneys and/or accountants) and mailing and distribution costs and expenses related to filing (or failing to file) the returns described in this ¶3.7 ("Tax Expenses") shall be paid out of the Settlement Fund.  Defendants and their corresponding Released Persons shall have no liability or responsibility for the payment of any Taxes or Tax Expenses.  The Escrow Agent shall indemnify and hold each of the Defendants and the Released Persons harmless for any Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund, and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of

- 14 -

adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Reg. §1.468B-2(l)(2)); neither Defendants nor the Released Persons are responsible nor shall they have any liability therefore. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent necessary to carry out the provisions of this ¶3.7.

        (d)      For the purpose of this ¶3.7, references to the Settlement Fund shall include both the Settlement Fund and the Notice and Administration Fund and shall also include any earnings thereon.

### d.     **Termination of Settlement**

     3.8     In the event that the Stipulation is not approved, or is terminated, cancelled, or fails to become effective for any reason, the Settling Parties shall be deemed to have reverted to their respective position in the Litigation as it existed prior to November 2, 2011. In such event, the terms and provisions of this Stipulation, with the exception of ¶¶3.4-3.8 and 13.1 hereof, shall have no further force and effect with respect to the Settling Parties and neither this Stipulation nor any submission by any of the Parties in connection with the motion(s) for preliminary or final approval of the Settlement or application for award of attorneys' fees and expenses or appeal therefrom or any related motions or proceedings may be used in the Litigation or in any other proceeding for any purpose, and shall not be used in the Litigation, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. The Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less any taxes and expenses actually incurred or due and owing in connection with the Settlement, shall be refunded directly to such Person(s) that paid the Settlement Amount, *pro rata* in accordance with the amounts paid by such Person(s). No

- 15 -

order of the Court or modification or reversal on appeal of any order of the Court concerning any

plan of allocation or the amount of any attorneys' fee and expense award approved by the Court shall

constitute grounds for cancellation or termination of the Stipulation.

### 4. Preliminary Court Approval, Notice to Class Members, and Settlement Hearing

4.1     As soon as practicable following execution of the Stipulation, Lead Plaintiff shall

submit the Stipulation, together with its Exhibits, to the Court and shall apply for entry of a

Preliminary Approval Order, substantially in the form of Exhibit A hereto, requesting, *inter alia*, the

preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of

the Notice and the Proof of Claim and publication of the Summary Notice, substantially in the forms

of Exhibits A-1, A-2, and A-3 attached hereto.

4.2     Lead Plaintiff shall request that, after the Notice and the Proof of Claim are mailed

and the Summary Notice is published, the Court hold a hearing to consider and determine whether to

approve the Settlement as fair, reasonable, and adequate, and whether the Order and Final Judgment,

substantially in the form of Exhibit B attached hereto, should be entered approving the Settlement as

set forth herein and dismissing the Litigation with prejudice.  At or after the Settlement Hearing, Co-

Lead Counsel will also request that the Court approve the proposed Plan of Allocation and the Fee

and Expense Application, as defined below.

### 5. Administration of the Settlement Fund

5.1     The Claims Administrator shall administer the Settlement subject to the jurisdiction

of the Court.  The Claims Administrator, subject to such supervision and direction of the Court

and/or Co-Lead Counsel as may be necessary or as circumstances may require, shall administer the

Settlement, including administering and calculating the claims submitted by Class Members, and

shall oversee distribution of the Net Settlement Fund to Authorized Claimants. Defendants, through

their counsel, shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including providing without charge to Lead Plaintiff or the Class all information from the Fund's transfer records and from the Fund's transfer agent concerning the identity of Class Members within five (5) business days following the execution of this Stipulation. Except for their obligation to pay the Settlement Amount or to cause it to be paid and the aforementioned obligation to cooperate in the production of information with respect to the identification of Class Members from the Fund's shareholder transfer records, the Released Persons shall have no responsibility for the administration of the Settlement and shall have no liability to the Class or Class Members or anyone else in connection with such administration.

5.2    All reasonable costs and expenses of notice to Class Members, and administration of the Settlement Fund, escrow fees, taxes, custodial fees, and expenses incurred in connection with processing Proofs of Claim or distributing the Settlement Fund (the "Notice and Administration Costs"), shall be paid from the Settlement Fund.  Upon the establishment and funding of the Settlement Fund, a sum not to exceed Two Hundred Thousand Dollars ($200,000) of the Settlement Fund shall be allocated for the express purpose of providing notice of the Settlement and to administer the Settlement pursuant to the terms of the Preliminary Approval Order ("Notice and Administration Fund"), and unspent funds shall be returned to the Settlement Fund.  Funds may be disbursed from the Notice and Administration Fund for these purposes without further approval of Defendants or the Court.  The Notice and Administration Fund shall be administered by the Escrow Agent as part of the Settlement Fund.  Upon the Effective Date, Co-Lead Counsel, without further approval of Defendants or the Court, may pay from the Settlement Fund any Notice and Administration Costs associated with the administration of the Settlement, the processing of

- 17 -

submitted claims, and distribution of the Net Settlement Fund to Authorized Claimants in excess of the Notice and Administration Fund.

### 6.     Plaintiffs' Counsel's Fees and Expenses

6.1     Co-Lead Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and expenses in connection with prosecuting the Litigation, plus interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid), in an amount to be approved by the Court (the "Fee and Expense Application"). Defendants shall take no position with respect to the Fee and Expense Application, but if the award is less than the amount sought by Co-Lead Counsel, this will not be a basis for setting aside the Settlement.  Such attorneys' fees and expenses, as are awarded by the Court, shall be paid from the Settlement Fund to Co-Lead Counsel immediately upon award by the Court, notwithstanding any objection, appeal or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same net rate as is earned by the Settlement Fund, if and when, as a result of any successful collateral attack, the fee or cost award is reduced or reversed.  Co-Lead Counsel shall allocate the attorneys' fees amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contribution of such counsel to the prosecution and settlement of the Litigation.

6.2     In the event that the Effective Date does not occur, or the Order and Final Judgment or the order approving the Fee and Expense Application is reversed or modified, or the Stipulation is terminated or cancelled for any reason, and in the event that any attorneys' fees, expenses, and costs have been paid to any extent, Plaintiffs' Counsel who received such fees, expenses, and costs shall, within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, have an obligation to refund to the Settlement Fund the fees, expenses, and

- 18 -

costs previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are liable for any refund required by this ¶6.2, and are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this paragraph.

6.3     The procedure for and the allowance or disallowance by the Court of any applications by Co-Lead Counsel for attorneys' fees, expenses, and costs to be paid out of the Settlement Fund are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Order and Final Judgment approving the Stipulation and the Settlement set forth herein.

6.4     The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and expenses to Plaintiffs' Counsel over and above payment from the Settlement Fund. The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Application, or any award relating thereto that the Court may make in the Litigation.

**7.     Distribution to Authorized Claimants**

7.1     The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation to be described in the Notice and approved by the Court.

- 19 -

7.2     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim (as defined in the Plan of Allocation described in the Notice attached hereto as Exhibit A-1, or in such other Plan of Allocation as the Court approves).

7.3     The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that the Plan of Allocation be approved. Any order or proceeding relating to the Plan of Allocation, or any appeal from any order or proceeding relating to the Plan of Allocation, shall not operate to terminate or cancel the Stipulation, or affect or delay the Effective Date and the finality of the Order and Final Judgment approving the Settlement.

7.4     Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its recognized claim compared to the total recognized claims of all Authorized Claimants. Defendants shall have no involvement in reviewing or challenging claims. Defendants and Defendants' counsel take no position with respect to, and have no responsibility for, the Plan of Allocation or, if approved by the Court, its implementation.

7.5     Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Co-Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

7.6     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

(a)     Each Class Member shall be required to submit a Proof of Claim (substantially in the form of Exhibit A-2 attached hereto), supported by such documents as are

designated therein, including proof of the Class Member's loss, or such other documents or proof as Co-Lead Counsel, in their discretion, may deem acceptable;

(b)      All Proofs of Claim must be submitted by the date specified in the Notice unless such period is extended by order of the Court.  Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by order of the Court, a later submitted Proof of Claim by such Class Member is approved), and shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Released Claims.  Co-Lead Counsel may instruct the Claims Administrator to accept late-filed claims if distribution of the Net Settlement Fund is not materially delayed thereby.  A Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by First-Class Mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)      Each Proof of Claim shall be submitted to, and reviewed by, the Claims Administrator, under the supervision of Co-Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)      Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Class Member in order to remedy the curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under supervision of Co-Lead Counsel, shall notify, in a timely fashion and in

669958_2

writing, all Class Members whose Proofs of Claim it proposes to reject in whole or in part, setting

forth the reasons therefore, and shall indicate in such notice that the Class Member whose claim is to

be rejected has the right to a review by the Court if the Class Member so desires and complies with

the requirements of subparagraph (e) below; and

        (e)    If any Class Member whose claim has been rejected in whole or in part desires

to contest such rejection, the Class Member must, within twenty (20) calendar days after the date of

mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a

notice and statement of reasons indicating the Class Member's grounds for contesting the rejection

along with any supporting documentation, and requesting a review thereof by the Court. If a dispute

concerning a claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the

request for review to the Court.

        7.7    Each Class Member shall be deemed to have submitted to the jurisdiction of the Court

with respect to the Class Member's claim, and the claim will be subject to investigation and

discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery

shall be limited to that Class Member's status as a Class Member and the validity and amount of the

Class Member's claim. No discovery shall be allowed on the merits of the Litigation or Settlement

in connection with processing of the Proofs of Claim.

        7.8    Payment pursuant to this Stipulation shall be deemed final and conclusive against all

Class Members. All Class Members whose claims are not approved by the Court shall be barred

from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all

of the terms of this Stipulation and the Settlement, including the terms of the Order and Final

Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from

bringing any action against the Released Persons concerning the Released Claims.

- 22 -

7.9     All proceedings with respect to the administration, processing, and determination of claims described by ¶¶7.1-7.14 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

7.10    The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all timely and valid claims have been processed, and all Class Members whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefore has expired; and (iii) all costs of administration have been paid.

7.11    If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution; (b) second, to pay any additional settlement administration fees and expenses, including those of Co-Lead Counsel, as may be approved by the Court; and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution, after payment of the estimated costs or fees to be incurred in administering the

- 23 -

Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If after six (6) months following such second distribution, if undertaken, or if such second distribution is not undertaken, any funds remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the Settlement cash their checks, such funds shall be contributed to an Internal Revenue Code Section 501(c)(3) charity designated by Co-Lead Counsel and unaffiliated with Defendants, Defendants' Affiliates, Lead Plaintiff, or Co-Lead Counsel.

7.12    This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Effective Date occurs, no portion of the Settlement Fund will be returned to such Person(s) that paid the Settlement Amount. The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

7.13    No Person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, Defendants, the Released Persons, or their respective counsel based on the administration of the Settlement, including, without limitation, the processing of claims and distributions made in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation or further order(s) of the Court.

7.14    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of

- 24 -

Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Order and Final Judgment approving the Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

**8.      Terms of Preliminary Approval Order**

8.1      As soon as practicable after the Settling Parties execute this Stipulation, Co-Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.  The Preliminary Approval Order will provide that the Parties stipulate to certification of the Class, as defined herein, for purposes of the Settlement.

**9.      Terms of Order and Final Judgment**

9.1      If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel shall request that the Court enter an Order and Final Judgment, substantially in the form attached hereto as Exhibit B.

**10.     Termination of Settlement and Supplemental Agreement**

10.1     Simultaneously herewith, Lead Plaintiff and Defendants are executing a confidential "Supplemental Agreement" setting forth certain conditions under which this Stipulation may be withdrawn or terminated at the discretion of Defendants if potential Class Members who meet certain criteria exclude themselves from the Class.  Pursuant to the Supplemental Agreement, Defendants have the option (which option must be exercised unanimously) to terminate the Settlement in the event that the aggregate number of shares of the Fund purchased during the Class Period by Class Members who would otherwise be entitled to participate as members of the Class, but who timely and validly request exclusion, equals or exceeds a certain percentage of the total number of shares of the Fund purchased during the Class Period, as set forth in the Supplemental Agreement.

- 25 -

10.2     The Supplemental Agreement shall not be filed with the Court unless and until the Court asks the Parties to do so or a dispute arises between Lead Plaintiff and Defendants concerning its interpretation or application.  In either of those events, the Supplemental Agreement shall be filed and maintained by the Court under seal.  In the event of an objection to the Settlement based upon the confidentiality of the percentage stated in the Supplemental Agreement, and notwithstanding anything to the contrary in this Paragraph or the Supplemental Agreement, Lead Plaintiff and Defendants (by a unanimous determination) each shall have the option to waive confidentiality, upon three (3) business days notice communicated by facsimile or e-mail addressed to Co-Lead Counsel or Defendants' counsel, as appropriate.

10.3     In the event that Defendants elect to terminate the Stipulation in accordance with ¶10.1 and such withdrawal is not nullified in accordance with the terms of the Supplemental Agreement, the Stipulation shall be withdrawn and terminated and deemed null and void, and the provisions of ¶3.8 shall apply.

**11.      Effective Date of Settlement, Waiver, or Termination**

11.1     The Effective Date of the Settlement shall be one business day following the latest of the following events:

(a)      entry of the Preliminary Approval Order in all material respects in the form attached hereto as Exhibit A;

(b)      payment of the Settlement Amount to the escrow account;

(c)      approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

- 26 -

(d)     expiration of the time for Defendants to exercise their option to terminate the Stipulation in accordance with the terms of the Supplemental Agreement described in ¶10.1 hereof, without the exercise of that option; and

(e)     entry by the Court of an Order and Final Judgment, in all material respects in the form set forth in Exhibit B attached hereto, and the expiration of any time for filing or noticing any appeal of such Order and Final Judgment, other than an appeal solely with respect to the Plan of Allocation and/or an award to Co-Lead Counsel of fees and expenses, or, if any appeal other than an appeal solely with respect to the Plan of Allocation and/or an award to Co-Lead Counsel of fees and expenses is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal, review by writ of certiorari or mandamus, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and Defendants do not elect to terminate the Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

11.2    Upon the occurrence of all of the events referenced in ¶11.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be extinguished.

11.3    Defendants' counsel or Co-Lead Counsel shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Settling Parties within thirty (30) calendar days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Court's declining to enter the Order and Final Judgment in any material respect; (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by any court; or (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by any court.  Co-Lead Counsel shall also have the right

- 27 -

to terminate the Settlement thirty (30) calendar days after Defendants' failure to timely pay the Settlement Amount.

11.4    In the event that the Settlement is terminated or fails to become effective in accordance with its terms for any reason, then the terms of ¶3.8 shall apply.

## 12.    The Releases

12.1    Upon the Effective Date, the following persons (the "Released Persons") will be fully and finally released and discharged with respect to the Released Plaintiffs' Claims (as defined below): Defendants, their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, representatives, employees, financial or investment advisors, consultants, investment bankers, commercial bankers, engineers, advisors, agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns, and insurers.

12.2    Upon the Effective Date, the following claims (the "Released Plaintiffs' Claims") will be released with respect to the Released Persons: all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), against Defendants and their corresponding Released Persons, belonging to Lead Plaintiff and/or any or all Class Members and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, managing members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities,

- 28 -

669958_2

whether direct, indirect, individual, derivative, representative or in any other capacity, arising under federal, state, local or foreign, statutory or common law or any other law, rule or regulation, including the law of any foreign jurisdiction, concerning both known claims and Unknown Claims (as defined in ¶1.29 above), that: (i) have been asserted in the Litigation against any of the Released Persons; or (ii) could have been asserted in any forum by the Class Members or any of them (as purchasers of Fund shares during the Class Period) against any of the Released Persons (a) arising out of or based upon the allegations, transactions, facts, matters, breaches, occurrences, financial statements, statements, representations or omissions involved, set forth, or referred to in the Litigation and (b) relating to the purchase of Fund shares during the Class Period (except that Released Plaintiffs' Claims do not include claims, rights or causes of action or liabilities whatsoever (1) to enforce the Settlement; or (2) for breach of violation of any of the terms of this Stipulation or orders or judgments issued by the Court in connection with the Settlement).

12.3    Upon the Effective Date, the following claims (the "Released Defendants' Claims") will be released with respect to Lead Plaintiff, other plaintiffs in the Litigation, Co-Lead Counsel, any other counsel for plaintiffs in the Litigation, and all members of the Class and their counsel: any and all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local statutory, or common law or any other law, rule, or regulation, including both known claims and Unknown Claims (as defined in ¶1.29 above), that have been or could have been asserted in the Litigation or any forum by Defendants, or the heirs, successors, and assigns of any of them against Lead Plaintiff, other plaintiffs in the Litigation, Co-Lead Counsel, any of the Class Members or their

- 29 -

attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation, excluding any claims for breaches of this Stipulation.

12.4    Notwithstanding anything to the contrary above, the Released Claims do not include claims (i) to enforce the Order and Final Judgment and the Settlement, and any or all of their terms, including, but not limited to, the releases provided for in the Order and Final Judgment, or (ii) belonging to Defendants against their insurers or any other person not a party hereto.

## 13.    No Admission of Wrongdoing

13.1    Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including Exhibits, all negotiations, discussions, drafts, and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement, shall not, in this or any other court, administrative agency, arbitration forum, or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of, (i) any acts of wrongdoing or lack of wrongdoing; (ii) any liability on the part of any of the Defendants or Released Persons to Lead Plaintiff, the Class, or anyone else; (iii) any damages, or lack of damages, suffered by Lead Plaintiff, the Class, or anyone else; or (iv) that the Settlement Amount (or any other amount) represents the amount that could or would have been recovered from Defendants in the Litigation if the Litigation was not settled at this point in time.

13.2    The fact and terms of this Stipulation, including Exhibits, all negotiations, discussions, drafts, and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of the Settlement,

- 30 -

669958_2

including, but not limited to, the Preliminary Approval Order, the Notice, the Order and Final Judgment, and the releases provided for in the Order and Final Judgment. Defendants and any Released Persons may file the Stipulation, the Preliminary Approval Order, the Notice, and the Order and Final Judgment in any other action or proceeding that may be brought against them in any forum in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. Lead Plaintiff understands, acknowledges, and agrees that Defendants have denied and continue to deny all claims of wrongdoing, liability, and damages alleged in the Litigation.

### 14.    Miscellaneous Provisions

14.1    All of the Exhibits attached to this Stipulation are material and integral parts hereof, and are hereby incorporated by reference as though fully set forth herein.

14.2    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

14.3    The Settling Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation, including, but not limited to, all facts and claims that were asserted or which could be asserted by Lead Plaintiff and the Class Members against the Released Persons with respect to the Released Plaintiffs' Claims, and shall not be deemed an admission or concession of any nature whatsoever by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length in good faith by the Settling Parties, and reflect a

- 31 -

Settlement that was reached voluntarily after consultation with experienced legal counsel. Lead Plaintiff, on behalf of himself and the Class, and Defendants, agree not to assert in any forum that the Litigation was brought or defended in bad faith or without a reasonable basis. The Settling Parties shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Litigation, and the Order and Final Judgment shall contain a provision that during the course of the Litigation, the Settling Parties and their respective counsel at all times hereto complied with and satisfied the requirements of Rule 11.

14.4    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of documents and information shall survive this Stipulation pursuant to their terms.

14.5    This Stipulation may not be modified or amended in any way, nor may any of its provisions be waived except by a writing signed by or on behalf of all Settling Parties or their respective attorneys, or successors-in-interest.

14.6    The headings and captions in this Stipulation are used for the purpose of convenience only and are not meant to have any legal effect on the meaning or interpretation of this Stipulation or any of its terms or provisions.

14.7    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation and for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiffs' Counsel.

14.8    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

14.9    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties concerning the settlement of the Litigation, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its Exhibits and the Supplemental Agreement other than those contained and memorialized in such documents.  Except as provided herein, each Settling Party shall bear its own costs.

14.10   This Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.

14.11   This Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties.

14.12   The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the Commonwealth of Massachusetts without regard to any choice of law principle, except to the extent that federal law requires that federal law governs.

14.13   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

14.14   All counsel and any other Person executing this Stipulation and any of the Exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

- 33 -

14.15   Co-Lead Counsel and Defendants' counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and to agree upon and execute all such other documentation promptly as may be reasonably required to obtain Final approval by the Court of the Settlement.

14.16   The Settling Parties and their counsel agree that they will refrain from disparaging the Settlement or each other with respect to the Litigation in any press releases or statements to the media, or in any other communications.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated March 20, 2012.

> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> SAMUEL H. RUDMAN
> DAVID A. ROSENFELD
> EVAN J. KAUFMAN
> 58 South Service Road, Suite 200
> Melville, NY  11747
> Telephone:  631/367-7100
> 631/367-1173 (fax)
> srudman@rgrdlaw.com
> drosenfeld@rgrdlaw.com
> ekaufman@rgrdlaw.com
>
> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> ELLEN GUSIKOFF STEWART
>
> _____
>            ELLEN GUSIKOFF STEWART
>
> 655 West Broadway, Suite 1900
> San Diego, CA  92101-3301
> Telephone:  619/231-1058
> 619/231-7423 (fax)
> elleng@rgrdlaw.com

- 34 -

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS

_____
                ROBERT J. DYER III

303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone: 303/861-1764
303/395-0393 (fax)
bob@dyerberens.com
jeff@dyerberens.com

Co-Lead Counsel

ROPES & GRAY LLP
JOHN D. DONOVAN, JR.
ROBERT A. SKINNER

_____
                JOHN D. DONOVAN, JR.

Prudential Tower
800 Boylston Street
Boston, MA  02119
Telephone:  617/951-7000
617/951-7050 (fax)
john.donovan@ropesgray.com
robert.skinner@ropesgray.com

Attorneys for Defendants State Street Corporation,
SSgA Funds Management, Inc., SSgA Funds, Peter
G. Leahy, James Ross and Mark E. Swanson

- 35 -

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS

_____
ROBERT J. DYER III

303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone: 303/861-1764
303/395-0393 (fax)
bob@dyerberens.com
jeff@dyerberens.com

Co-Lead Counsel

ROPES & GRAY LLP
JOHN D. DONOVAN, JR.
ROBERT A. SKINNER

_____
JOHN D. DONOVAN, JR.

Prudential Tower
800 Boylston Street
Boston, MA  02119
Telephone:  617/951-7000
617/951-7050 (fax)
john.donovan@ropesgray.com
robert.skinner@ropesgray.com

Attorneys for Defendants State Street Corporation,
SSgA Funds Management, Inc., SSgA Funds, Peter
G. Leahy, James Ross and Mark E. Swanson

- 35 -

669958_2

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
THOMAS J. DOUGHERTY
MICHAEL S. HINES

_____
          THOMAS J. DOUGHERTY

One Beacon Street
Boston, MA  02108
Telephone:  617/573-4800
617/573-4822 (fax)
thomas.dougherty@skadden.com
michael.hines@skadden.com

Attorneys for Defendants Lynn L. Anderson,
William L. Marshall, Steven J. Mastrovich, Patrick
J. Riley, Richard D. Shirk, Bruce D. Taber and
Henry W. Todd

- 36 -

669958_2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 27, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 27, 2012.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: elleng@rgrdlaw.com

# Mailing Information for a Case 1:08-cv-08235-PAC-JLC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey A. Berens**
  jeff@dyerberens.com

- **Olivia S. Choe**
  olivia.s.choe@usdoj.gov

- **John D. Donovan , Jr**
  jdonovan@ropesgray.com,sampleplead@ropesgray.com,CourtAlert@ropesgray.com

- **Thomas James Dougherty**
  dougherty@skadden.com,rmarkow@skadden.com,tholden@skadden.com

- **Christopher G. Green**
  christopher.green@ropesgray.com,sampleplead@ropesgray.com,CourtAlert@ropesgray.com

- **Michael S. Hines**
  michael.hines@skadden.com,tholden@skadden.com,richard.markow@skadden.com

- **Evan Jay Kaufman**
  ekaufman@rgrdlaw.com

- **Daniel J. Maher**
  djmaher@ropesgray.com,CourtAlert@ropesgray.com

- **Lila A. Palmer**
  lila.palmer@ropesgray.com,CourtAlert@ropesgray.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Thomas G. Shapiro**
  tshapiro@shulaw.com,lwolahan@shulaw.com

- **Robert A. Skinner**
  rskinner@ropesgray.com,robert.skinner@ropesgray.com,sampleplead@ropesgray.com,CourtAlert@ropesgray.com

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com

- **Carolina Cecilia Torres**
  ctorres@csgrr.com

- **Harvey J. Wolkoff**
  hwolkoff@ropesgray.com,CourtAlert@ropesgray.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in

order to create notices or labels for these recipients.

**Robert J. Dyer**
Dyer & Berens, L.L.P.
682 Grant Street
Denver, CO 80203

**Peter Simshauser**
Skadden, Arps, Slate, Meagher & Flom
One Beacon Street
31st floor
Boston, MA 02108