UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re STATE STREET BANK AND TRUST CO. FIXED INCOME FUNDS INVESTMENT LITIGATION | : | MDL No. 1945 |
| | : | |
| | : | |
| NING YU, On Behalf of Himself and All Others Similarly Situated, | : | Civil Action No. 1:08-cv-08235-PAC (Relates to MDL No. 1945) |
| | : | |
| Plaintiff, | : | CLASS ACTION |
| | : | |
| vs. | : | |
| | : | |
| STATE STREET CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF SETTLEMENT

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND OF THE LITIGATION.........................................................................2

III.    BRIEF SUMMARY OF THE PROPOSED SETTLEMENT ...........................................4

        A.      The Class .......................................................................................................4

        B.      Settlement Consideration ..............................................................................4

        C.      Release of Claims ..........................................................................................5

        D.      Entry of Order and Final Judgment ...............................................................5

        E.      Fee and Expense Application..........................................................................5

IV.     CERTIFICATION OF THE CLASS IS APPROPRIATE ...............................................6

V.      PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED .................8

        A.      The Complexity, Expense, and Likely Duration of the Litigation .......................10

        B.      The Reaction of the Class to the Settlement ...........................................................11

        C.      The Stage of the Proceedings and Extent of Discovery.........................................12

        D.      The Risks of Establishing Liability and Damages.................................................13

        E.      The Risks of Maintaining the Class Action Through Trial....................................14

        F.      The Ability of Defendants to Withstand a Greater Judgment................................14

        G.      The Reasonableness of the Settlement in Light of the Best Possible
                Recovery and the Attendant Risks of Litigation....................................................14

VI.     THE COURT SHOULD APPROVE THE PROPOSED FORM AND MANNER
        OF CLASS NOTICE AND THE PROOF OF CLAIM AND RELEASE........................15

VII.    PROPOSED SCHEDULE OF EVENTS.....................................................................17

VIII.   CONCLUSION.........................................................................................................18

# TABLE OF AUTHORITIES

Page

## CASES

*Authors Guild v. Google, Inc.*,
  No. 05 Civ. 8136(DC), 2009 WL 4434586
  (S.D.N.Y. Dec. 1, 2009) ..................................................................................10

*Bourlas v. Davis Law Assocs.*,
  237 F.R.D. 345 (E.D.N.Y. 2006) ........................................................................6

*Chatelain v. Prudential-Bache Sec., Inc.*,
  805 F. Supp. 209 (S.D.N.Y. 1992) .....................................................................9

*Cohen v. J.P. Morgan Chase & Co.*,
  262 F.R.D. 153 (E.D.N.Y. 2009) ........................................................................6

*County of Suffolk v. Long Island Lighting Co.*,
  907 F.2d 1295 (2d Cir. 1990)............................................................................10

*D'Amato v. Deutsche Bank*,
  236 F.3d 78 (2d Cir. 2001).....................................................................9, 10, 14

*Darquea v. Jarden Corp.*,
  No. 06 Civ. 722(CLB), 2008 WL 622811
  (S.D.N.Y. Mar. 6, 2008) .....................................................................................7

*Denney v. Deutsche Bank AG*,
  443 F.3d 253 (2d Cir. 2006)................................................................................6

*Detroit v. Grinnell Corp.*,
  495 F.2d 448 (2d Cir. 1974).................................................................9, 10, 12, 13

*Frank v. Eastman Kodak Co.*,
  228 F.R.D. 174 (W.D.N.Y. 2005).....................................................................14

*In re Alloy, Inc. Sec. Litig.*,
  No. 03 Civ. 1597(WHP), 2004 WL 2750089
  (S.D.N.Y. Dec. 2, 2004).............................................................................10, 13

*In re Am. Bank Note Holographics, Inc.*,
  127 F. Supp. 2d 418 (S.D.N.Y. 2001)...............................................................16

*In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*,
  No. MDL 1500, 2006 WL 903236
  (S.D.N.Y. Apr. 6, 2006).........................................................................10, 13, 15

**Page**

*In re Blech Sec. Litig.,*
   187 F.R.D. 97 (S.D.N.Y. 1999) ...................................................................8

*In re Currency Conversion Fee Antitrust Litig.,*
   No. 01 MDL 1409, 2006 WL 3247396
   (S.D.N.Y. Nov. 8, 2006) ...........................................................................8

*In re Dreyfus Aggressive Growth Mut. Fund Litig.,*
   No. 98CIV.4318(HB), 2000 WL 1357509
   (S.D.N.Y. Sept. 20, 2000) ........................................................................6

*In re Gilat Satellite Networks, Ltd.,*
   No. CV-02-1510, 2007 WL 1191048
   (E.D.N.Y. Apr. 19, 2007) ...................................................................10, 11

*In re Global Crossing Sec. & ERISA Litig.,*
   225 F.R.D. 436 (S.D.N.Y. 2004) ........................................................12, 13

*In re Initial Pub. Offering Sec. Litig.,*
   260 F.R.D. 81 (S.D.N.Y. 2009) ...............................................................11

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,*
   No. 02 MDL 1484(JFK), 2007 WL 313474
   (S.D.N.Y. Feb. 1, 2007) ..........................................................................16

*In re Michael Milken and Assocs. Sec. Litig.,*
   150 F.R.D. 57 (S.D.N.Y. 1993) ...............................................................9

*In re NASDAQ Mkt.-Makers Antitrust Litig.,*
   176 F.R.D. 99 (S.D.N.Y. 1997) ...........................................................8, 9

*In re PaineWebber Ltd. P'ships Litig.,*
   147 F.3d 132 (2d Cir. 1998) .....................................................................9

*In re PaineWebber Ltd. P'ships Litig.,*
   171 F.R.D. 104 (S.D.N.Y.),
   *aff'd,* 117 F.3d 721 (2d Cir. 1997) .........................................................15

*In re Prudential Sec. Inc. Ltd. P'ships Litig.,*
   163 F.R.D. 200 (S.D.N.Y. 1995) ..............................................................6

*In re Stock Exchs. Options Trading Antitrust Litig.,*
   No. 99 Civ. 0962(RCC), 2006 WL 3498590
   (S.D.N.Y. Dec. 4, 2006)..........................................................................16

**Page**

*In re Sumitomo Copper Litig.*,
   189 F.R.D. 274 (S.D.N.Y. 1999) ...................................................................10

*In re Traffic Exec. Ass'n*,
   627 F.2d 631 (2d Cir. 1980)..........................................................................8

*In re Warfarin Sodium Antitrust Litig.*,
   391 F.3d 516 (3d Cir. 2004)........................................................................14

*In re Warner Chilcott Ltd. Sec. Litig.*,
   No. 06 Civ. 11515 (WHP), 2008 WL 5110904
   (S.D.N.Y. Nov. 20, 2008) ...........................................................10, 13, 14, 16

*In re WorldCom, Inc. Sec. Litig.*,
   No. 02 Civ. 3288(DLC), 2005 WL 78807
   (S.D.N.Y. Jan. 11, 2005)...............................................................................7

*Marisol A. v. Giuliani*,
   126 F.3d 372 (2d Cir. 1997)...........................................................................6

*Morris v. Affinity Health Plan, Inc.*,
   No. 09-cv-1932 (DAB), 2011 WL 6288035
   (S.D.N.Y. Dec. 15, 2011)...............................................................................8

*Newman v. Stein*,
   464 F.2d 689 (2d Cir. 1972).........................................................................15

*Strougo v. Bassini*,
   258 F. Supp. 2d 254 (S.D.N.Y. 2003)...........................................................11

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
   §77k.................................................................................................................2, 3
   §77l(a)(2) ...........................................................................................................2
   §77o...................................................................................................................2
   §77z-1(a)(7) .....................................................................................................16

**Page**

Federal Rules of Civil Procedure
    Rule 23 ......................................................................................................6, 8
    Rule 23(a)..................................................................................................6, 7
    Rule 23(b) ....................................................................................................6
    Rule 23(b)(3)...............................................................................................1, 7
    Rule 23(c)(1)(C)...........................................................................................14
    Rule 23(e)..............................................................................................1, 8, 17
    Rule 23(e)(1) ...............................................................................................15

## SECONDARY AUTHORITIES

4 Alba Conte, Herbert B. Newberg,
*Newberg on Class Actions* (4th ed. 2002)
    §11:41 ..........................................................................................................9

*Manual for Complex Litigation* (4th ed. 2004)
    §21.632.......................................................................................................8

## I.   INTRODUCTION

Lead Plaintiff Anatoly Alexander ("Lead Plaintiff" or "Plaintiff") respectfully submits this Memorandum of Law in Support of his Unopposed Motion for Preliminary Approval of Settlement, on the terms set forth in the Settlement Agreement dated March 20, 2012 ("Stipulation" or "Settlement"),[1] which is being filed concurrently herewith.  The proposed Settlement provides for the payment of $6,250,000 in cash to resolve this securities class action against Defendants.[2]

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests this Court enter an order: (1) granting preliminary approval of the proposed Settlement; (2) certifying the Class pursuant to Rule 23(b)(3) for purposes of effectuating the proposed Settlement; (3) directing that Class Members be given notice of the pendency of this Litigation and the proposed Settlement in substantially the same form and manner set forth in the Stipulation; (4) setting a hearing date for the Court to consider final approval of the proposed Settlement and related matters ("Settlement Hearing"); and (5) setting a schedule for various events related thereto.

For the reasons discussed herein, the proposed Settlement is an excellent result for the Class, satisfies the governing standards in this Circuit, and is well within the range of fairness, adequacy and reasonableness so as to warrant the Court's preliminary approval and authorization for dissemination of notice of its terms to Class Members.

---

[1]      All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Stipulation.

[2]      Defendants State Street Corporation, SSgA Funds Management, Inc., SSgA Funds, Lynn L. Anderson, Peter G. Leahy, William L. Marshall, Steven J. Mastrovich, Patrick J. Riley, James Ross, Richard D. Shirk, Mark E. Swanson, Bruce D. Taber, and Henry W. Todd (collectively, "Defendants"), consent to the relief sought herein.

- 1 -

## II.    BACKGROUND OF THE LITIGATION

This is a securities class action on behalf of all persons and entities who purchased shares of SSgA Yield Plus Fund (the "Fund") between July 1, 2005 and May 31, 2008,[3] seeking to pursue remedies under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "1933 Act").

On June 30, 2008, Ning Yu filed the initial complaint in the United States District Court for the District of Massachusetts alleging that Defendants offered and sold shares of the Fund to the public through registration statements and prospectuses that were materially false and misleading. In September 2008, the Panel on Multidistrict Litigation ("MDL") transferred the case to the Southern District of New York where ERISA actions against SSgA were already pending. On October 24, 2008, the court ordered that the case would be coordinated but not consolidated with MDL No. 1945. Four days later, on October 28, 2008, Plaintiff submitted a pre-motion letter to the court, seeking to lift the Private Securities Litigation Reform Act of 1995's ("PSLRA") automatic discovery stay.

On January 15, 2009, in a ruling from the bench, the Court appointed Anatoly Alexander as Lead Plaintiff and the law firms of Robbins Geller Rudman & Dowd LLP (formerly known as Coughlin Stoia Geller Rudman & Robbins LLP) and Dyer & Berens LLP as Co-Lead Counsel. During the same hearing, the Court granted, in part, Plaintiff's motion to lift the discovery stay. Specifically, the Court allowed Plaintiff access to the more than 13 million pages of documents produced in the MDL action, and allowed Plaintiff to attend the ongoing depositions. The Court denied the motion to the extent it sought production of additional documents (or other discovery) specifically related to the Fund. On February 13, 2009, Plaintiff filed his Amended Complaint. Defendants moved to dismiss on March 11, 2009, and Plaintiff's opposition and Defendants' reply

---

[3]    The Fund was liquidated as of May 31, 2008.

briefs were filed on April 6, 2009 and April 20, 2009, respectively.  Thereafter, Plaintiff's counsel commenced a review of Defendants' documents, prepared for and attended more than 20 depositions, and were otherwise diligent in pursuing the allowed discovery.  On November 6, 2009, Plaintiff submitted a second pre-motion letter, again seeking to lift the discovery stay as it related to the Fund.

In a Memorandum Opinion and Order entered February 25, 2010, the Court dismissed the Amended Complaint for failure to adequately plead materially false or misleading statements in the Fund's offering documents with sufficient particularity and entering judgment because Plaintiff had not expressly requested leave to amend.  On March 17, 2010, Plaintiff timely moved for reconsideration of the Court's "with prejudice" dismissal of the Amended Complaint and for leave to file a second amended complaint.  After the parties fully briefed Plaintiff's motion for reconsideration and leave to amend, on July 14, 2010 the Court granted the motion and permitted Plaintiff to file the Second Amended Class Action Complaint ("SAC").  After the parties fully briefed a second round of motions to dismiss and presented oral argument relating to the SAC, the Court, in an opinion issued on March 31, 2011, granted Defendants' motions and dismissed the case with prejudice.

On April 29, 2011, Plaintiff timely filed his notice of appeal concerning the dismissal order and the final judgment entered in this case.  On August 4, 2011, Plaintiff filed his opening brief in the United States Court of Appeals for the Second Circuit.

Meanwhile, the parties continued to engage in meaningful settlement discussions, including the compilation, production and review of damage-related data, which the parties used to consult with their respective damage experts.  According to Plaintiff's expert, based upon the internal data provided by Defendants, the maximum recoverable Section 11 damages – ***prior*** to the application of

- 3 -

a negative loss causation defense—are estimated at approximately $10 million.  Thereafter, on November 2, 2011, the parties reached an agreement-in-principle to settle the Litigation for a cash payment on behalf of Defendants of $6,250,000.  Plaintiff respectfully submits that this result – which potentially could represent as much as 60% to 100% of damages recoverable after trial – is an excellent result now and would be at any stage of the Litigation.[4]

### III.    BRIEF SUMMARY OF THE PROPOSED SETTLEMENT

#### A.    The Class

Anatoly Alexander, as Lead Plaintiff and the proposed Class Representative for the Class, and Co-Lead Counsel, negotiated the proposed Settlement on behalf of a Class consisting of all Persons and entities who purchased shares of the SSgA Yield Plus Fund between July 1, 2005 and May 31, 2008, inclusive ("Class").  Excluded from the Class are Defendants, officers and directors of the Defendant entities, members of the immediate families of each of the Individual Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, or is a beneficiary, and the legal representatives, agents, heirs, successors or assigns of any such excluded party.  Also excluded from the Class are any putative Class Members who timely and validly exclude themselves from the Class.

#### B.    Settlement Consideration

As consideration for the proposed Settlement, Defendants have agreed to pay or cause to be paid $6,250,000 into a separate interest-bearing escrow account maintained by the Escrow Agent within five (5) business days of the date of entry of the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") (Exhibit A to the Stipulation).

---

[4]    On November 10, 2011, the Second Circuit granted a limited remand to this Court for purposes of considering and approving the proposed Settlement.

### C.       Release of Claims

In return for the above consideration, the Class Members will release all Released Plaintiffs'

Claims and Unknown Claims against any and all of the Defendants, their respective families, parent

entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or

future officers, directors, stockholders, representatives, employees, financial or investment advisors,

consultants, investment bankers, commercial bankers, engineers, advisors, agents, heirs, executors,

trustees, general or limited partners or partnerships, personal representatives, estates, administrators,

predecessors, successors and assigns, insurers, and any and all of Defendants' Affiliates ("Released

Persons").   In addition, Defendants will release all Released Defendants' Claims and Unknown

Claims against Lead Plaintiff, the Class and counsel for plaintiffs.

### D.       Entry of Order and Final Judgment

Upon determination by the Court that the proposed Settlement is fair, reasonable, adequate,

and in the best interests of the Class, the parties will ask the Court to enter the Order and Final

Judgment (Exhibit B to the Stipulation).   The Order and Final Judgment provides, *inter alia*, that

Defendants and any Released Persons may file the Stipulation, the Preliminary Approval Order, the

Notice, and the Order and Final Judgment in any other action or proceeding that may be brought

against them in any forum in order to support a defense or counterclaim based on principles of *res*

*judicata*, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction,

or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

### E.       Fee and Expense Application

Under the Stipulation, Co-Lead Counsel may submit an application ("Fee and Expense

Application") for distribution to them from the Settlement Fund for: (a) an award of attorneys' fees,

not to exceed thirty-three percent (33%) of the Settlement Fund; plus (b) payment of expenses of up

to $300,000, which includes the fees of Plaintiff's experts and consultants incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid).  The Fee and Expense Application shall be filed pursuant to the briefing schedule to be determined by the Court.

## IV.    CERTIFICATION OF THE CLASS IS APPROPRIATE

Before reaching the merits of the proposed settlement, the Court must first ensure that the Class, as defined by the parties, is certifiable under the standards of Rule 23(a) and (b).  *Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 349 (E.D.N.Y. 2006); *Denney v. Deutsche Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006) ("Before certification is proper for any purpose - settlement, litigation, or otherwise - a court must ensure that the requirements of Rule 23(a) and (b) have been met.").  In deciding certification, courts must take a liberal rather than restrictive approach in determining whether a plaintiff satisfies these requirements and may exercise broad discretion in weighing the propriety of a putative class.  *Cohen v. J.P. Morgan Chase & Co.*, 262 F.R.D. 153, 158 (E.D.N.Y. 2009); *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997) ("Rule 23 is given liberal rather than restrictive construction, and courts are to adopt a standard of flexibility" in deciding whether to grant certification.).

Under the terms of the Stipulation, the parties have agreed for the sole purpose of the Settlement and without an adjudication of the merits, to certification of the Class.  The Second Circuit has explicitly noted its preference for class certification in securities cases.  *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 206 (S.D.N.Y. 1995).  Notwithstanding, to obtain class certification, a plaintiff must establish the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation and demonstrate that the action may be maintained under one of the three subsections of Rule 23(b).  *See In re Dreyfus Aggressive Growth Mut. Fund Litig.*,

- 6 -

No. 98CIV.4318(HB), 2000 WL 1357509, at *2, *10 (S.D.N.Y. Sept. 20, 2000).  Here, Plaintiff

asserts that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied

in that:

- the proposed Class is so numerous that joinder of all members is impracticable as there were millions shares of the Fund outstanding during the Class Period, held by hundreds or thousands of shareholders geographically dispersed across the country;

- based on Plaintiff's allegations that Defendants made uniform misrepresentations and omitted material facts in Fund offering documents, which affected all Class Members, the claims of the Plaintiff are typical of the claims of the proposed Class he seeks to represent;

- Plaintiff does not have any interests antagonistic to, or in conflict with, the other members of the Class and he will fairly and adequately represent and protect the interests of the other members of the Class as he has retained counsel competent and experienced in class and securities litigation;

- there are questions of law or fact common to the Class which predominate over any questions solely affecting individual members of the Class including: (i) whether the 1933 Act was violated by Defendants' acts; (ii) whether the registration statements and prospectuses negligently omitted and/or misrepresented material facts about the Fund; (iii) whether the registration statements and prospectuses contained untrue statements of material fact; and (iv) to what extent the members of the Class have sustained damages and the proper measure of damages; and

- given that joinder of all Class Members is impracticable, certifying a Class is superior to all other available methods for the fair and efficient adjudication of this controversy since prosecuting separate actions by or against individual Class Members would create a risk of: (i) inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants; and (ii) adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

*See* SAC, ¶¶ 23-28; *see also, e.g., In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288(DLC), 2005

WL 78807, at *2 (S.D.N.Y. Jan. 11, 2005) (concluding requirements of Federal Rule of Civil

Procedure 23(a) and (b)(3) were satisfied for purposes of preliminary settlement approval); *Darquea*

*v. Jarden Corp.*, No. 06 Civ. 722(CLB), 2008 WL 622811, at *5 (S.D.N.Y. Mar. 6, 2008)

(performing Rule 23 analysis and certifying securities fraud class action); *In re Blech Sec. Litig.*, 187 F.R.D. 97, 102 (S.D.N.Y. 1999) (granting class certification and explaining "in an alleged securities fraud case, when a court is in doubt as to whether or not to certify a class action, the court should err in favor of allowing the class to go forward").  Accordingly, the Court should certify the Class and appoint Plaintiff as the Class Representative.

## V.   PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED

Under Rule 23(e), claims of a certified class may be settled "only with the court's approval." Fed. R. Civ. P. 23(e).  The purpose of requiring court approval of a class action settlement is to ensure that the settlement is "fair, reasonable and adequate."  *In re Currency Conversion Fee Antitrust Litig.*, No. 01 MDL 1409, 2006 WL 3247396, at *5 (S.D.N.Y. Nov. 8, 2006).  In considering preliminary approval, courts make an initial evaluation of the fairness of the settlement, prior to notice.  *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997). Preliminary approval "is at most a determination that there is what might be termed 'probable cause' to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980).  Courts are afforded wide discretion in determining which information to consider at this preliminary stage, and this initial assessment can be made on the basis of information already known to a court.  *See Manual for Complex Litigation* §21.632 (4th ed. 2004).  If, after a preliminary evaluation of the proposed settlement, a court finds that it "'appears to fall within the range of possible approval,'" the court should order that the class members receive notice of the settlement.  *Morris v. Affinity Health Plan, Inc.*, No. 09-cv-1932 (DAB), 2011 WL 6288035, at *2 (S.D.N.Y. Dec. 15, 2011) (citation omitted).  In short, "[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or

segments of the class and falls within the range of possible approval, preliminary approval is granted." *NASDAQ*, 176 F.R.D. at 102.

Here, the Court should preliminarily approve the parties' proposed Settlement which was reached only after informed, arm's-length negotiations between experienced, capable counsel. *See e.g., In re Michael Milken and Assocs. Sec. Litig.*, 150 F.R.D. 57, 66 (S.D.N.Y. 1993) ("In appraising the fairness of a proposed settlement, the view of experienced counsel favoring the settlement is 'entitled to great weight.'") (citation omitted); *Chatelain v. Prudential-Bache Sec., Inc.*, 805 F. Supp. 209, 212 (S.D.N.Y. 1992) ("A substantial factor in determining the fairness of the settlement is the opinion of counsel involved in the settlement.").[5]  Moreover, it is well-established that there is a "strong judicial policy in favor of settlements, particularly in the class action context." *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998); *see also* 4 Alba Conte, Herbert B. Newberg, *Newberg on Class Actions* §11:41, at 87 (4th ed. 2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").  To determine whether to approve a class action settlement, courts in this Circuit look not only to the negotiation process leading to the settlement (procedural fairness) but also to the settlement terms (substantive fairness).  *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85-86 (2d Cir. 2001).  Substantive fairness is evaluated by utilizing the nine *Grinnell* factors:

> "(1) the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of

---

[5]     At the time of settlement, counsel had not only developed a significant factual record via the ERISA actions, but had also fully developed the important legal arguments upon which the appeal would be decided.

> reasonableness of the settlement fund in light of the best possible recovery, (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation[.]"

*D'Amato*, 236 F.3d at 86 (quoting *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1323-24 (2d Cir. 1990)).   Although a complete analysis of these factors is required for final approval, at the preliminary approval stage, the Court need only find that the proposed settlement fits "within the range of possible approval" to proceed.  *In re Warner Chilcott Ltd. Sec. Litig.*, No. 06 Civ. 11515 (WHP), 2008 WL 5110904, at *2 (S.D.N.Y. Nov. 20, 2008) (citation omitted); *see also Authors Guild v. Google, Inc.*, No. 05 Civ. 8136(DC), 2009 WL 4434586, at *1 (S.D.N.Y. Dec. 1, 2009) ("In evaluating a proposed class action settlement agreement for preliminary approval . . . a full fairness analysis is neither feasible nor appropriate.").  For the reasons set forth below, the *Grinnell* factors weigh heavily in favor of preliminary approval of the proposed Settlement.

### A.      The Complexity, Expense, and Likely Duration of the Litigation

Securities class actions are generally complex and expensive to prosecute.  *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510, 2007 WL 1191048, at *10 (E.D.N.Y. Apr. 19, 2007); *see also In re Alloy, Inc. Sec. Litig.*, No. 03 Civ. 1597(WHP), 2004 WL 2750089, at *2 (S.D.N.Y. Dec. 2, 2004) ("This action involves complex security fraud issues that were likely to be litigated aggressively, at substantial expense to all parties.").  In evaluating the settlement of a securities class action, federal courts, including this Court, "'have long recognized that such litigation "is notably difficult and notoriously uncertain."'"  *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (citations omitted); *see also In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. MDL 1500, 2006 WL 903236, at *8 (S.D.N.Y. Apr. 6, 2006) ("Due to its notorious complexity, securities class action litigation is often resolved by settlement, which circumvents the difficulty and uncertainty inherent in long, costly trials.").

- 10 -

This case is no different. The first complaint was filed in June 2008 in the District of Massachusetts before transfer by the MDL Panel to this Court and appeal by Plaintiff to the Second Circuit Court of Appeals. During that time, Plaintiff has advanced numerous complex legal and factual issues under the federal securities laws, which – if the appeal were successful – would require extensive merits and expert discovery and testimony. "'[A] vast amount of additional factual and expert discovery remains to prepare for trials, and motions would be filed raising every possible kind of pre-trial, trial and post-trial issue conceivable.'" *In re Initial Pub. Offering Sec. Litig.*, 260 F.R.D. 81, 112 (S.D.N.Y. 2009) (citation omitted). The expense and effort involved in adjudicating this case would be burdensome to the parties and the Court. Again, if the appeal were successful, judicial resources would be expended on deciding a motion for class certification, discovery disputes, competing motions for summary judgment, and transferring the case back to the District of Massachusetts where trial would be very complicated for jurors and would be expensive for the Class. *See Strougo v. Bassini*, 258 F. Supp. 2d 254, 261 (S.D.N.Y. 2003) ("Moreover, even if a shareholder or class member was willing to assume all the risks of pursuing the actions through further litigation and trial, the passage of time would introduce yet more risks in terms of appeals and possible changes in the law and would, in light of the time value of money, make future recoveries less valuable than this current recovery.").

## B.    The Reaction of the Class to the Settlement

Since the notice to the Class has not yet been issued, this factor can only be assessed preliminarily.[6] *See Gilat*, 2007 WL 1191048, at *10 (explaining "a full fairness analysis is

---

[6]     In the event any objections are received after notice is disseminated, those objections will be addressed by Co-Lead Counsel in connection with the motion for final approval of the Settlement.

unnecessary at this stage" and "[c]learly, some of these [*Grinnell*] factors, particularly the reaction of the class to the settlement, are impossible to weigh prior to notice and a hearing").  There are currently no known objectors to the Stipulation and proposed Settlement.  In addition, Plaintiff has actively participated throughout the prosecution of his claims and was involved in the decision to enter into the settlement with Defendants.

### C.    The Stage of the Proceedings and Extent of Discovery

Plaintiff and Co-Lead Counsel have scrutinized the facts of this case from the earliest stages of the litigation and developed an informed basis from which to negotiate a reasonable compromise. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y. 2004) ("Formal discovery is not a prerequisite; the question is whether the parties had adequate information about their claims.").  In particular, Plaintiff and Co-Lead Counsel performed an extensive investigation in connection with the filing of the initial complaint, the Amended Complaint and the SAC.  That investigation included a comprehensive review of, among other things, the Fund's SEC filings, registration statements, prospectuses, periodic reports, statements of additional information, press releases, marketing materials and other publicly-available information.  Supplementing the investigation was Co-Lead Counsel's massive review and analysis of much of the 13 million pages of documents produced in the MDL action, more than 15 SEC deposition transcripts, and preparation for and attendance at more than 20 MDL depositions.  In addition, Co-Lead Counsel fully briefed Defendants' motions to dismiss the Amended Complaint and the SAC.  Concurrent with Co-Lead Counsel drafting and finalizing Plaintiff's opening brief in the Court of Appeals for the Second Circuit, the parties continued to engage in meaningful settlement discussions, including the compilation, production and review of data needed to estimate potential Class damages, which the parties used to consult with their respective damages experts.

696504_1

Given this extensive information, developed and gathered during the three and a half years that the Litigation has been pending, Plaintiff and Co-Lead Counsel are able to fully evaluate the merits of the claims, the risks of continued litigation, and to make an intelligent judgment about settlement. *See Global Crossing*, 225 F.R.D. at 458 ("Plaintiffs' attorneys here had the requisite information to make informed decisions about the relative benefits of litigating or settling.").

### D.     The Risks of Establishing Liability and Damages

In assessing the risk of establishing liability, the Court must balance the benefits afforded to the Class, including the immediacy and certainty of a recovery, against the continuing risks of litigation. *Warner Chilcott*, 2008 WL 5110904, at *2. The difficulty of establishing liability is a common risk of securities litigation. *AOL Time Warner*, 2006 WL 903236, at *11; *see also Alloy*, 2004 WL 2750089, at *2 (finding issues present in securities action posed "significant hurdles to plaintiffs' ability to prove defendants' liability").

Plaintiff continues to believe that the claims asserted in the Litigation have merit. However, Plaintiff and Co-Lead Counsel are mindful of the fact that this Court dismissed the case with prejudice based upon a legal issue relating to the absence of recoverable damages for which there arguably is no controlling authority directly on point. Accordingly, the prospects for success on appeal are at best uncertain. *See Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974) ("The proposed settlement cannot be judged without reference to the strength of plaintiffs' claims. 'The most important factor is the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'") (citation omitted). Notwithstanding, Plaintiff further recognizes that Defendants' negative loss causation defense, if established, could realistically decrease any otherwise recoverable damages by 50% or more. Thus, the $6,250,000 Settlement provides an

immediate, substantial and concrete benefit for Class Members, which outweighs the uncertainty and risks of continued litigation.

### E.    The Risks of Maintaining the Class Action Through Trial

While the Class has not yet been certified in this case, should such a motion be granted, certification can be altered or amended at any time prior to final judgment on the merits.  *See* Fed. R. Civ. P. 23(c)(1)(C).  Thus, there is always a risk that an action, or particular claims, might not be maintained as a class through trial.  *See Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) ("While plaintiffs might indeed prevail [on a motion for class certification], the risk that the case might be not certified is not illusory and weighs in favor of the Class Settlement.").

### F.    The Ability of Defendants to Withstand a Greater Judgment

Even though the Court may consider Defendants' ability to withstand a judgment greater than the $6.25 million secured by the Settlement, it is not generally one of the determining factors.  *See In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 538 (3d Cir. 2004) (affirming district court's conclusion that "[defendant's] ability to pay a higher amount was irrelevant to determining the fairness of the settlement").  In other words, the ability of defendants to withstand a greater judgment, standing alone, does not render a settlement unreasonable or serve as an impediment when the other factors favor the settlement.  *See D'Amato*, 236 F.3d at 86; *Warner Chilcott*, 2008 WL 5110904, at *3.  This is especially true here where the Settlement represents such a significant portion of recoverable damages.

### G.    The Reasonableness of the Settlement in Light of the Best Possible Recovery and the Attendant Risks of Litigation

The adequacy of the amount offered in settlement must be judged "'not in comparison with the best possible recovery in the best of all possible worlds, but rather in light of the strengths and

- 14 -

weaknesses of the plaintiffs' case.'" *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104,

130 (S.D.N.Y.) (citation omitted), *aff'd*, 117 F.3d 721 (2d Cir. 1997).  In this regard, "the dollar

amount of the settlement by itself is not decisive in the fairness determination." *Id.* at 131.  Instead,

the fairness determination turns on whether the settlement falls within "a range of reasonableness" –

a range which "recognizes the uncertainties of law and fact in any particular case and the

concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v.

Stein*, 464 F.2d 689, 693 (2d Cir. 1972).  Here, given the fact that the case was dismissed with

prejudice, and was subject to appeal, Plaintiff submits that a proposed settlement of even a small

percentage of potentially recoverable damages could easily be justified.  Nevertheless, Plaintiff was

able to secure a substantial, $6,250,000 Settlement, which represents a significant portion of the

overall damages that could be recovered after trial.[7]  Under these circumstances, the Court should

preliminarily approve the proposed Settlement as fair, adequate and reasonable and instruct notice to

be issued to the Class.

## VI.   THE COURT SHOULD APPROVE THE PROPOSED FORM AND MANNER OF CLASS NOTICE AND THE PROOF OF CLAIM AND RELEASE

Under Rule 23(e)(1), the Court "must direct notice in a reasonable manner to all class

members who would be bound" by the proposed Settlement.  Fed. R. Civ. P. 23(e)(1).  Due process

requires that Class Members be apprised of their rights with respect to the proposed Settlement, be

provided with enough information to make an informed decision, and be afforded a full and fair

---

[7]     Also relevant to the fairness determination is that the Settlement provides for payment to the Class now, rather than a speculative payment many years down the road, or no payment at all.  *See AOL Time Warner*, 2006 WL 903236, at *13 (where the settlement fund was in escrow earning daily interest, "the benefit of the Settlement will . . . be realized far earlier than a hypothetical post-trial recovery").

- 15 -

opportunity to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval. *See Warner Chilcott*, 2008 WL 5110904, at *3. Here, the proposed form and manner of notice satisfy these requirements.

As more fully detailed in the Stipulation, Co-Lead Counsel will cause the Notice (Exhibit A-1 to Stipulation) to be mailed to all shareholders of record identified by Defendants or the transfer agent. A summary notice (Exhibit A-3 to Stipulation) will be published once in the national edition of *Investor's Business Daily* and once over the *Business Wire* or *PR Newswire*. This proposed method of giving notice to Class Members is appropriate because it is "the best notice practicable under the circumstances" and will provide due and sufficient notice to potential class members. *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, No. 02 MDL 1484(JFK), 2007 WL 313474, at *8 (S.D.N.Y. Feb. 1, 2007).

Moreover, the content of the Notice includes the general terms of the Settlement as set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, the date of the Settlement Hearing, as well as the other details required by the PSLRA. *Compare* Notice (Exhibit A-1 to Stipulation) *with* 15 U.S.C. §77z-1(a)(7) (disclosure of settlement terms to class members); *see also In re Am. Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418, 429-30 (S.D.N.Y. 2001) (approving plan of allocation because "[a]n allocation formula need only have a reasonable, rational basis, particularly if recommended by "experienced and competent" class counsel"). The information is also provided in a format that is accessible to the reader. The Notice advises recipients that they have the right to exclude themselves from the Settlement, or to object to any aspect of the Settlement. *See In re Stock Exchs. Options Trading Antitrust Litig.*, No. 99 Civ. 0962(RCC), 2006 WL 3498590, at *6 (S.D.N.Y. Dec. 4, 2006) (content of notice is reasonable "if the average class member understands the terms of the proposed settlement and the options provided

to class members thereunder"). The Notice also provides recipients with the contact information for the Claims Administrator and Co-Lead Counsel. Accordingly, the proposed Notice provides Class Members with all information required by Rule 23(e), the PSLRA and due process. Plaintiff therefore respectfully requests that the Court direct that Class Members be given notice of the pendency of the Litigation and the Settlement in the form and method set forth in the Stipulation.

## VII.   PROPOSED SCHEDULE OF EVENTS

Provided that the Court grants preliminary approval to the proposed Settlement, Plaintiff respectfully requests the Court set a schedule of events to govern the remaining procedural aspects of the proposed Settlement, subject to the Court's convenience:

| Event | Time For Compliance |
|---|---|
| Deadline for mailing the Notice and Proof of Claim and Release form to Class Members (the "Notice Date") | Within 10 business days after entry of the Court's Preliminary Approval Order |
| Deadline for publishing the Summary Notice once in *Investor's Business Daily* and once over the *Business Wire* or *PR Newswire* | 7 calendar days after the Notice Date |
| Deadline for filing Proof of Claim and Release forms | 90 calendar days following the Notice Date |
| Deadline for submitting exclusion requests or objections | 14 calendar days before the Settlement Hearing |
| Filing of memoranda in support of final approval of the Settlement and Plan of Allocation, or in support of the Fee and Expense Application | 21 calendar days before the Settlement Hearing |
| Filing of reply memoranda in support of final approval of the Settlement and Plan of Allocation, or in support of the Fee and Expense Application | 7 calendar days before the Settlement Hearing |
| Final Settlement Hearing | Approximately 90 calendar days following execution of the proposed Preliminary Approval Order, or later, as the Court's calendar allows |

## VIII.   CONCLUSION

For the foregoing reasons, the proposed Settlement warrants this Court's preliminary approval and Plaintiff respectfully requests this Court enter the proposed Preliminary Approval Order (Exhibit A to the Stipulation), set a schedule of events to govern the remaining procedural aspects of the proposed Settlement, and grant such further relief as the Court deems just and reasonable.

DATED:  March 27, 2012                           Respectfully submitted,

                                                 ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
                                                 SAMUEL H. RUDMAN
                                                 DAVID A. ROSENFELD
                                                 EVAN J. KAUFMAN
                                                 58 South Service Road, Suite 200
                                                 Melville, NY  11747
                                                 Telephone:  631/367-7100
                                                 631/367-1173 (fax)
                                                 srudman@rgrdlaw.com
                                                 drosenfeld@rgrdlaw.com
                                                 ekaufman@rgrdlaw.com

                                                 ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
                                                 ELLEN GUSIKOFF STEWART


                                                      s/ Ellen Gusikoff Stewart
                                                 ELLEN GUSIKOFF STEWART

                                                 655 West Broadway, Suite 1900
                                                 San Diego, CA  92101-3301
                                                 Telephone:  619/231-1058
                                                 619/231-7423 (fax)
                                                 elleng@rgrdlaw.com

696504_1

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS
303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone: 303/861-1764
303/395-0393 (fax)
bob@dyerberens.com
jeff@dyerberens.com

Attorneys for Plaintiff

- 19 -

CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2012, I authorized the electronic filing of the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on March 27, 2012.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: elleng@rgrdlaw.com

# Mailing Information for a Case 1:08-cv-08235-PAC-JLC

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey A. Berens**
  jeff@dyerberens.com

- **Olivia S. Choe**
  olivia.s.choe@usdoj.gov

- **John D. Donovan , Jr**
  jdonovan@ropesgray.com,sampleplead@ropesgray.com,CourtAlert@ropesgray.com

- **Thomas James Dougherty**
  dougherty@skadden.com,rmarkow@skadden.com,tholden@skadden.com

- **Christopher G. Green**
  christopher.green@ropesgray.com,sampleplead@ropesgray.com,CourtAlert@ropesgray.com

- **Michael S. Hines**
  michael.hines@skadden.com,tholden@skadden.com,richard.markow@skadden.com

- **Evan Jay Kaufman**
  ekaufman@rgrdlaw.com

- **Daniel J. Maher**
  djmaher@ropesgray.com,CourtAlert@ropesgray.com

- **Lila A. Palmer**
  lila.palmer@ropesgray.com,CourtAlert@ropesgray.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Thomas G. Shapiro**
  tshapiro@shulaw.com,lwolahan@shulaw.com

- **Robert A. Skinner**
  rskinner@ropesgray.com,robert.skinner@ropesgray.com,sampleplead@ropesgray.com,CourtAlert@ropesgray.com

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com

- **Carolina Cecilia Torres**
  ctorres@csgrr.com

- **Harvey J. Wolkoff**
  hwolkoff@ropesgray.com,CourtAlert@ropesgray.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in

order to create notices or labels for these recipients.

**Robert J. Dyer**
Dyer & Berens, L.L.P.
682 Grant Street
Denver, CO 80203

**Peter Simshauser**
Skadden, Arps, Slate, Meagher & Flom
One Beacon Street
31st floor
Boston, MA 02108