

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---------------------------------------- x

In re STATE STREET BANK AND TRUST      :    MDL No. 1945
CO. FIXED INCOME FUNDS
INVESTMENT LITIGATION                        :
                                                 :

NING YU, On Behalf of Himself and All      :    Civil Action No. 1:08-cv-08235-PAC
Others Similarly Situated,                   :    (Relates to MDL No. 1945)
                                                 :

                  Plaintiff,      : ·    <u>CLASS ACTION</u>

     vs.                                        :

STATE STREET CORPORATION, et al.,      :

              Defendants.      :

---------------------------------------- x

[PROPOSED] ORDER PRELIMINARILY APPROVING *Pre*
SETTLEMENT AND PROVIDING FOR NOTICE

674776_2

WHEREAS, on March 20, 2012, the parties to the above-entitled action (the "Litigation"), Lead Plaintiff Anatoly Alexander ("Plaintiff") and defendants State Street Corporation, SSgA Funds Management, Inc., SSgA Funds, Lynn L. Anderson, Peter G. Leahy, William L. Marshall, Steven J. Mastrovich, Patrick J. Riley, James Ross, Richard D. Shirk, Mark E. Swanson, Bruce D. Taber and Henry W. Todd (the "Defendants," collectively with Plaintiff, the "Parties") entered into the Settlement Agreement (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on the merits and with prejudice;

WHEREAS, the Court having read and considered the Stipulation and the accompanying documents;

WHEREAS, the Parties to the Stipulation having consented to the entry of this Order;

WHEREAS, unless otherwise specified all capitalized terms used, but not otherwise defined, herein having the meanings defined in the Stipulation;[1]

NOW THEREFORE, IT IS HEREBY ORDERED, this 2d day of May, 2012, that:

1.      The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein as being fair, reasonable and adequate to Class Members (defined in ¶2 below), subject to further consideration at the Settlement Hearing described in ¶5 below.

---

[1]      The Exhibits attached to the Stipulation filed with the Court are incorporated herein as though set forth in this Order.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Litigation is hereby certified as a class action on behalf of all Persons and entities who purchased shares of the SSgA Yield Plus Fund (the "Fund") between July 1, 2005 and May 31, 2008, inclusive. Excluded from the Class are Defendants, officers and directors of the Defendant entities, members of the immediate families of each of the Individual Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, or is a beneficiary, and the legal representatives, agents, heirs, successors or assigns of any such excluded party. Also excluded from the Class are any putative Class Members who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice (defined in ¶7 below).

3.      The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class he seeks to represent; (d) the Lead Plaintiff and Co-Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Anatoly Alexander is certified as the class representative.

674776_2

5. A final settlement hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _Sept 6, 2012_
_1 Courtroom 20 - C_
___, at _2: 00_, _p_.m. for the following purposes:

(a) to finally determine whether the Litigation satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement is fair, reasonable and adequate to Class Members, and should be approved by the Court;

(c) to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Released Claims should be provided to the Released Persons, as set forth in the Stipulation;

(d) to determine whether the proposed Plan of Allocation of the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e) to consider Co-Lead Counsel's application for an award of attorneys' fees and expenses; and

(f) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification as may be agreed to by the Parties and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

- 3 -

7. The Court approves the form, substance and requirements of: the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"); the Proof of Claim form, and the Summary Notice of Pendency and Settlement of Class Action (the "Summary Notice"), annexed to the Stipulation as Exhibits A-1, A-2 and A-3, respectively, and finds that the form, content, and mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶9 and 12 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, as amended, 15 U.S.C. §77z-1(a)(7), including the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

8. The Court approves the appointment of Boston Financial Settlement Administration Solutions as the Claims Administrator.

9. Within ten (10) business days of the entry of this Order (the "Notice Date"), the Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed to the Stipulation as Exhibits A-1 and A-2, to be mailed by first-class mail, postage prepaid, to all Class Members who can be identified with reasonable effort. Within five (5) business days of the entry of this Order, Defendants will use reasonable efforts to provide or cause the Fund's transfer agent to provide to the Claims Administrator, at no cost to the Class or Co-Lead Counsel, the last known names and addresses of all shareholders of record during the Class Period. Such information shall be provided in a format acceptable to the Claims Administrator. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased Fund shares during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) business days of their

- 4 -

receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Notice and Administration Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners. Co-Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

10.    The Escrow Agent or its agents are authorized and directed to prepare any tax returns required to be filed on behalf, or in respect, of the Settlement Fund and to cause any Taxes and Tax Expenses due and owing to be paid from the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

11.    Co-Lead Counsel shall submit their papers in support of final approval of the Settlement, and application for attorneys' fees and expenses by no later than _August 16_, 2012. All reply papers in support of such motions shall be filed and served by no later than _August 30_, 2012.

12.    The Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily* and once over the *Business Wire* or *PR Newswire* within seven (7) calendar days of the Notice Date. Co-Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Hearing, file with the Court proof of the publication of the Summary Notice.

- 5 -

674776_2

13.     In order to be entitled to participate in the Net Settlement Fund, in the event the
Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each
Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim and Release form (the "Proof of Claim"),
substantially in the form attached to the Stipulation as Exhibit A-2, must be submitted to the Claims
Administrator, at the Post Office Box indicated in the Notice, postmarked not later than
_August 14_____, 2012. Such deadline may be further extended by Court order. Each Proof of
Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed
by first-class mail, postage prepaid). Any Proof of Claim submitted in any other manner shall be
deemed to have been submitted when it was actually received at the address designated in the
Notice. Co-Lead Counsel may direct the Claims Administrator to accept late claims if they will not
materially delay distribution of the Net Settlement Fund.

(b)     The Proof of Claim submitted by each Class Member must satisfy the
following conditions: (i) it must be properly completed, signed and submitted in a timely manner in
accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by
adequate supporting documentation for the transactions reported therein, in the form of broker
confirmation slips, broker account statements, an authorized statement from the broker containing
the transactional information found in a broker confirmation slip, or such other documentation as is
deemed adequate by the Claims Administrator; (iii) if the person executing the Proof of Claim is
acting in a representative capacity, a certification of his current authority to act on behalf of the Class
Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and
contain no material deletions or modifications of any of the printed matter contained therein and
must be signed under penalty of perjury.

- 6 -

(c)      As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of this Court solely with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Released Claims as against the Released Persons as provided in the Stipulation.

14.      Any member of the Class who does not submit a Proof of Claim in the manner stated in this Order shall be deemed to have waived his, her or its right to share in the Net Settlement Fund, and shall forever be barred from sharing in the Net Settlement Fund. In all other respects, however, any such member of the Class shall be subject to and bound by all of the terms of the Settlement, including the terms of the Stipulation and the Order and Final Judgment unless such member of the Class has submitted a request to be excluded from the Class in the manner required by this Order.

15.      Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A putative Class Member wishing to make such request shall mail the request to the Claims Administrator by first-class mail postmarked no later than _August 14_ , 2012, to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s) and number(s) of Fund shares they purchased and sold during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Putative Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

- 7 -

16.     All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the release provided for therein, whether favorable or unfavorable to the Class.

17.     Objections to the Settlement, the Plan of Allocation, or the application by Co-Lead Counsel for an award of attorneys' fees and expenses, and any supporting papers shall be filed with the Court on or before _August 23, 2012_, and also delivered by hand or first-class mail to Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 and Robert A. Skinner, Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, MA 02199, by that same date. Attendance at the Settlement Hearing is not necessary. However, any persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request by Co-Lead Counsel for attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

18.     Any Class Member who does not object to the Settlement and/or the Plan of Allocation, and any Class Member who does not object to Co-Lead Counsel's application for an award of attorneys' fees and expenses in the manner prescribed in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Order and the Final Judgment to be entered approving the Settlement, the Plan of Allocation, and the application by Co-Lead Counsel for an award of attorneys' fees and expenses.

- 8 -

19.     Class Members may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Co-Lead Counsel.

20.     All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

21.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Class Member or Co-Lead Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22.     All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Plan of Allocation and/or further orders of the Court.

23.     As provided in the Stipulation, the Escrow Agent may pay the Claims Administrator out of the Notice and Administration Fund, without further order of the Court, the reasonable fees and costs associated with giving notice to the Class, the review of claims and the administration of the Settlement. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Co-Lead Counsel shall have any obligation to repay the reasonable and actual costs of class notice and administration.

- 9 -

674776_2

24.     If (a) the Settlement is terminated by Defendants pursuant to ¶10.1 of the Stipulation;

or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Co-

Lead Counsel or Defendants elect to terminate the Settlement as provided in the Stipulation, then, in

any such event, the terms of ¶3.8 of the Stipulation shall apply, and this Order certifying the Class

and the class representative for purposes of the Settlement shall be null and void, of no further force

or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in

any actions or proceedings by any person or entity, and each party shall be restored to his, her or its

respective position in the Litigation as it existed prior to November 2, 2011.

25.     The Court retains jurisdiction over the Litigation to consider all further matters

arising out of or connected with the Settlement.

Dated:     _May 2, 2012_

_____
THE HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2012, I submitted the foregoing to orders and judgments@nysd.uscourts.gov and e-mailed to the e-mail addresses denoted on the Court's Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 27, 2012.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: elleng@rgrdlaw.com

Robert J. Dyer
Dyer & Berens, L.L.P.
303 East 17th Avenue, Suite 300
Denver, CO  80203

Peter Simshauser
Skadden, Arps, Slate, Meagher & Flom
One Beacon Street
31st Floor
Boston, MA  02108

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
In re STATE STREET BANK AND TRUST :   MDL No. 1945
CO. FIXED INCOME FUNDS : 
INVESTMENT LITIGATION : 
                                           : 
NING YU, On Behalf of Himself and All :   Civil Action No. 1:08-cv-08235-PAC
Others Similarly Situated, :   (Relates to MDL No. 1945)
                                           : 
                        Plaintiff, :   CLASS ACTION
                                           : 
      vs. : 
                                           : 
STATE STREET CORPORATION, et al., : 
                                           : 
                    Defendants. : 
                                           : 
———————————————————————— x

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

670839_2

*IF YOU PURCHASED SHARES OF THE SSgA YIELD PLUS FUND (THE "FUND")*
*BETWEEN JULY 1, 2005 AND MAY 31, 2008, INCLUSIVE, YOU COULD GET A PAYMENT*
*FROM A CLASS ACTION SETTLEMENT.*

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Security and Time Period:** SSgA Yield Plus Fund shares purchased between July 1, 2005 and May 31, 2008, inclusive (the "Class Period").

**Settlement Fund:** $6,250,000 in cash.

**Lead Plaintiff's Reasons for Settlement:** The principal reason for Lead Plaintiff's consent to the Settlement is to provide an immediate benefit to the Class. This benefit must be compared to the risk that no recovery might be achieved, given the fact that the Court has dismissed Lead Plaintiff's complaint with prejudice, and that Lead Plaintiff faced an uncertain appeal in the Second Circuit Court of Appeals. While Lead Plaintiff believes that his claims have merit, Lead Plaintiff recognizes the expense of continued proceedings and that Lead Plaintiff and the Class might not have prevailed on any or all of their claims. The claims advanced by the Class involve numerous complex legal and factual issues which would require extensive expert testimony and would add considerably to the expense and duration of the Litigation. The two sides vigorously disagree on both liability and the amount of money that could have been won if Lead Plaintiff prevailed on appeal and then at trial. The parties disagree about whether Lead Plaintiff would succeed on appeal and if so, among other things: (i) the amount of alleged damages, if any, that could be recovered at trial; (ii) the other, non-actionable causes of the losses to the Fund during the relevant period; (iii) whether any allegedly false or misleading statements in the registration statements and prospectuses were the proximate cause of any investor losses; (iv) the extent that various facts alleged by the Lead Plaintiff influenced the net asset value of the Fund during the relevant period; and (v) whether the

allegedly misstated facts were material, false, misleading or otherwise actionable under the securities laws. This Settlement therefore enables the Class to recover without incurring any additional risk or costs. As a result, Lead Plaintiff believes the Settlement is a fair, reasonable, and adequate recovery for the Class.

**Defendants' Reasons for Settlement**: The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiff on behalf of the Class. The Defendants also have denied and continue to deny, among other things, the allegations that the offering materials for the SSgA Yield Plus Fund shares were materially false or misleading or that Lead Plaintiff or the Class suffered compensable damages, or that any causal connection could be established between the alleged misrepresentations and any alleged harm to Lead Plaintiff or the Class.

Nonetheless, the Defendants have concluded that further conduct of the case would be protracted and expensive, and that it is desirable that the case be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation in order to limit further expense, inconvenience and distraction, to dispose of the burden of protracted litigation, and to permit the operation of the Defendants' business without further distraction and diversion caused by the continuation of the case. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Litigation.

The Defendants have, therefore, determined that it is desirable and beneficial to them that the case be settled in the manner and upon the terms and conditions set forth in the Stipulation. The Defendants entered into the Stipulation without in any way acknowledging any fault, liability, or wrongdoing of any kind.

- 2 -

**Statement of Recovery**:  Your recovery will depend on the number of shares of the Fund purchased and the timing of your purchases and any sales.  Depending on the number of eligible shares that participate in the Settlement and when those shares were purchased and sold, the estimated average recovery will be approximately $1.61 per share before deduction of Court-approved attorneys' fees and expenses, and the costs of administration.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Class Members who submit acceptable Proofs of Claim.

**Attorneys' Fees and Expenses:**  Co-Lead Counsel will ask the Court for attorneys' fees not to exceed 33% of the Settlement Fund and expenses not to exceed $300,000 to be paid from the Settlement Fund.  If the above amounts are requested and approved by the Court, the average cost per share will be $0.61.  Plaintiffs' Counsel have not received any payment for their work investigating the facts, conducting the Litigation, and negotiating the Settlement on behalf of the Lead Plaintiff and the Class.

**Deadlines:**

| | | |
|---|---|---|
| Submit Claim: | _____ | , 2012 |
| Request Exclusion: | _____ | , 2012 |
| File Objection: | _____ | , 2012 |

**Court Hearing on Fairness of Settlement:** _____, 2012

**More Information:** _____ or

Claims Administrator:                          Co-Lead Counsel:

*SSgA Yield Plus Fund Securities*              Rick Nelson
*Litigation*                                   c/o Shareholder Relations
Claims Administrator                           Robbins Geller Rudman
c/o _____                            & Dowd LLP

- 3 -

P.O. Box _____                          655 West Broadway, Suite 1900
_____                           San Diego, CA  92101
__ @ _____                     1-800-449-4900

- Your legal rights are affected whether you act or do not act.  Read this Notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A PROOF OF CLAIM AND RELEASE FORM BY _____, 2012** | This is the only way to get a payment.  Doing so results in the release of your claims against the Defendants and the Released Persons. |
| **EXCLUDE YOURSELF BY _____, 2012** | Get no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants and the other Released Persons relating to the Released Claims. |
| **OBJECT BY _____, 2012** | You may write to the Court if you don't like the Settlement, the Plan of Allocation, or the request for attorneys' fees and expenses. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment.  Give up your rights and release claims. |

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

- 4 -

670839_2

## BASIC INFORMATION

### 1.    Why Did I Get This Notice Package?

You or someone in your family may have purchased SSgA Yield Plus Fund shares between July 1, 2005 and May 31, 2008, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *Yu v. State Street Corporation, et al.*, Civil Action No. 1:08-cv-08235-PAC. The individual who sued is called the Lead Plaintiff, and the company and the individuals he sued, State Street Corporation ("State Street"), SSgA Funds Management, Inc., SSgA Funds, Lynn L. Anderson, Peter G. Leahy, William L. Marshall, Steven J. Mastrovich, Patrick J. Riley, James Ross, Richard D. Shirk, Mark E. Swanson, Bruce D. Taber and Henry W. Todd are called the Defendants.

### 2.    What Is This Lawsuit About?

This case was brought as a putative class action alleging that the registration statements and prospectuses for the continuous offerings of the Fund's shares misrepresented the true extent of the Fund's exposure to subprime and other mortgage-related securities. Lead Plaintiff alleged that when the significant risk associated with these undisclosed securities materialized, the Fund's net asset

- 5 -

670839_2

value plummeted and investors suffered losses.  The Court has granted Defendants' motions to dismiss Lead Plaintiff's claims, and Lead Plaintiff has appealed that ruling to the Second Circuit Court of Appeals.

Defendants deny all of Lead Plaintiff's allegations and that they did anything wrong. Defendants also deny that the Lead Plaintiff or the Class suffered legally compensable damages, or that any causal connection could be established between the alleged misrepresentations and any alleged harm to Lead Plaintiff or the Class.

### 3.    Why Is This Action a Class Action?

In a class action, one or more people called class representatives (in this case the Court-appointed Lead Plaintiff Anatoly Alexander) sue on behalf of people who have similar claims.  Here, all these people are called a Class or Class Members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  The Honorable Paul A. Crotty is the judge overseeing this class action.

### 4.    Why Is There a Settlement?

The Court of Appeals did not decide in favor of Lead Plaintiff or Defendants.  Instead, these parties agreed to a Settlement.  That way, they avoid the cost of the appeal and a trial if Lead Plaintiff's appeal was successful, and eligible Class Members who make valid claims will get compensation.  The Lead Plaintiff and his attorneys believe that given the procedural posture of the case, the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

670839_2

### 5.    How Do I Know if I Am Part of the Settlement?

The Class includes *all persons and entities who purchased SSgA Yield Plus Fund shares between July 1, 2005 and May 31, 2008, inclusive, except those persons and entities that are excluded, as described below.*

### 6.    What Are the Exceptions to Being Included?

You are not a Class Member if you are a Defendant, a director or executive officer of State Street or SSgA, a member of the immediate family of any of the Individual Defendants, an entity in which any Defendant has or had a controlling interest, or a legal representative, heir, beneficiary, successor, or assign of any such excluded Person.

If you sold SSgA Yield Plus Fund shares between July 1, 2005 and May 31, 2008, inclusive, that alone does not make you a Class Member.  You are a Class Member only if you *purchased* Fund shares between July 1, 2005 and May 31, 2008, inclusive.

### 7.    I'm Still Not Sure if I Am Included.

If you are still not sure whether you are included, you can ask for free help.  You can call the Claims Administrator at 1-800-_____, or Co-Lead Counsel listed in Question 25 for more information.  Or you can fill out and return the claim form described in Question 10, to see if you qualify.

### THE SETTLEMENT BENEFITS — WHAT YOU GET

### 8.    What Does the Settlement Provide?

Defendants have agreed to pay $6,250,000 in cash to be divided among all eligible Class Members who submit valid claim forms, after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing a summary notice.

670839_2

### 9.     How Much Will My Payment Be?

Your share of the fund will depend on the number of valid claim forms that Class Members submit and how many shares of the Fund you purchased during the relevant period and when you bought and sold them. A claim will be calculated as follows:

For shares of SSgA Yield Plus Fund purchased *on or between July 1, 2005 – May 31, 2008* and

1)      sold prior to May 31, 2008, the claim per share is the purchase price per share less the sales price per share

2)      retained at the end of May 30, 2008, the claim per share is the purchase price per share less $6.60

The payment you get will reflect your *pro rata* share after deduction of Court-approved fees and expenses. If claims are filed for 100% of the eligible Fund shares, the average distribution per share would be $1.61 before deduction of Court-approved fees and expenses. Historically, actual claim rates are less than 100% and result in higher distributions.

In the event a Class Member has more than one purchase of Fund shares, all purchases and any sales shall be matched on a first-in, first-out ("FIFO") basis, and Class Period sales will be matched first against any Fund shares held at the beginning of the Class Period and then against purchases in chronological order. A purchase or sale of Fund shares shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

To the extent a claimant had a gain from his, her or its overall transactions in Fund shares during the Class Period, the value of the recognized claim will be zero. Please note that the Plan of Allocation is separate from the Settlement and any decision by the Court regarding the Plan of Allocation will not affect the finality of approval of the Settlement. The Plan of Allocation may be

670839_2

modified in connection with, among other things, a ruling by the Court, or an objection filed by a Class Member without further notice to the Class.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

### 10.    How Will I Get a Payment?

To qualify for payment, you must be an eligible Class Member and you must send in a claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2012.

### 11.    When Will I Get My Payment?

The Court will hold a hearing on ___ _____ _____, 2012, to decide whether to approve the Settlement. If Judge Crotty approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps several years. Everyone who sends in a claim form will be informed of the determination with respect to their claim. Please be patient.

### 12.    What Am I Giving Up to Get a Payment or Stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in this case or that could have been asserted in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants. The terms of the release are included in the claim form that is enclosed. The following definitions apply to those releases:

"Released Claims" means all of the Released Plaintiffs' Claims and all of the Released Defendants' Claims, as defined herein.

- 9 -

670839_2

"Released Defendants' Claims" means any and all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever (including, but not limited to, any claims for damages interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local statutory, or common law or any other law, rule, or regulation, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in the Litigation or any forum by Defendants, or the heirs, successors, and assigns of any of them against Lead Plaintiff, other plaintiffs in the Litigation, Co-Lead Counsel, any of the Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation, excluding any claims for breaches of the Stipulation.

"Released Persons" means Defendants, their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, representatives, employees, financial or investment advisors, consultants, investment bankers, commercial bankers, engineers, advisors, agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors, assigns, and insurers.

"Released Plaintiffs' Claims" will be released with respect to the Released Persons: all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), against Defendants and their corresponding Released Persons, belonging to Lead Plaintiff and/or any or all Class Members and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, managing members, attorneys, financial and other advisors,

- 10 -

investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities, whether direct, indirect, individual, derivative, representative or in any other capacity, arising under federal, state, local or foreign, statutory or common law or any other law, rule or regulation, including the law of any foreign jurisdiction, concerning both known claims and Unknown Claims (as defined below), that: (i) have been asserted in the Litigation against any of the Released Persons; or (ii) could have been asserted in any forum by the Class Members or any of them (as purchasers of Fund shares during the Class Period) against any of the Released Persons (a) arising out of or based upon the allegations, transactions, facts, matters, breaches, occurrences, financial statements, statements, representations or omissions involved, set forth, or referred to in the Litigation and (b) relating to the purchase of Fund shares during the Class Period (except that Released Plaintiffs' Claims do not include claims, rights or causes of action or liabilities whatsoever (1) to enforce the Settlement; or (2) for breach of violation of any of the terms of the Stipulation or orders or judgments issued by the Court in connection with the Settlement).

"Unknown Claims" means any Released Plaintiffs' Claims which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, would or might have affected his, her or its settlement with and release of the Released Persons, or would or might have affected his, her or its decision not to object to the Settlement; and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release, which, if known by him, her or it, would or might have affected his, her or its decision(s) with respect to the Settlement. Lead Plaintiff or the Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Lead Plaintiff and the Class Members shall expressly, upon the

- 11 -

Effective Date, be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims (including Unknown Claims, as defined herein), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Likewise, Defendants may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Defendants' Claims, but Defendants shall expressly waive, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Defendants' Claims (including Unknown Claims, as defined herein), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Class Members by operation of law shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims, Released Defendants' Claims and Released Plaintiffs' Claims was separately bargained for and was a key element of the Settlement, of which this release is a material and essential part, and expressly waive the benefits of (i) the provisions of §1542 of the California Civil Code, which provides that:

670839_2

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR,

and (ii) any and all provisions or rights conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from the Settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same Released Claims, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

### 13.    How Do I Get Out of the Class?

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *Yu v. State Street Corporation, et al.*, Civil Action No. 1:08-cv-08235-PAC. You must include your name, address, telephone number, the number of Fund shares purchased between July 1, 2005 and May 31, 2008, inclusive, the number of shares sold during this time period, if any, and the dates of such purchases and sales. You must mail your exclusion request so that it is postmarked no later than ___ _____ to:

> *SSgA Yield Plus Fund Securities Litigation*
> Claims Administrator
> c/o _____
> P.O. Box _____
> ___ ._____

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

**14.     If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No. Unless you exclude yourself, you give up any right to sue the Defendants for the Released Claims. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is _____ , 2012.

**15.     If I Exclude Myself, Can I Get Money from the Settlement?**

No. If you exclude yourself, do not send in a Proof of Claim form. But, you may sue, continue to sue, or be part of a different lawsuit against the Defendants related to the Released Claims.

**THE LAWYERS REPRESENTING YOU**

**16.     Do I Have a Lawyer in This Case?**

The law firms of Robbins Geller Rudman & Dowd LLP and Dyer & Berens LLP represent you and other Class Members. These lawyers are called Co-Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.     How Will the Lawyers Be Paid?**

Co-Lead Counsel will ask the Court for attorneys' fees not to exceed 33% of the Settlement Fund and expenses up to $300,000, which were advanced in connection with the Litigation. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

- 14 -

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly contingent basis.  To date, Plaintiffs' Counsel have not been paid for their services for conducting the Litigation on behalf of the Lead Plaintiff and the Class, or for their expenses.  The fee requested will compensate Plaintiffs' Counsel for their work in creating the Settlement Fund and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

<strong>OBJECTING TO THE SETTLEMENT</strong>

You can tell the Court that you don't agree with the Settlement or some part of it.

**18.    How Do I Tell the Court that I Don't Like the Settlement, the Plan of Allocation, or Application for Attorneys' Fees and Expenses?**

If you are a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the Settlement in *Yu v. State Street Corporation, et al.*, Civil Action No. 1:08-cv-08235-PAC.  Be sure to include your name, address, telephone number, your signature, the number of Fund shares purchased and sold between July 1, 2005 and May 31, 2008, inclusive, and the reasons you object to the Settlement.  Any objection to the Settlement must be mailed or delivered such that it is received by each of the following no later than _____, 2012:

670839_2

*Court*:

Clerk of the Court
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN
   UNITED STATES COURTHOUSE
500 Pearl Street, Room 120
New York, NY 10007

*Counsel for Lead Plaintiff*:

ROBBINS GELLER RUDMAN
   & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101

*Counsel for Defendants:*

ROPES & GRAY LLP
ROBERT A. SKINNER
Prudential Tower
800 Boylston Street
Boston, MA 02199

**19.    What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object *only if* you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

670839_2

**20.** **When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a hearing (the "Settlement Hearing") at _____ _.m., on

_____ _____, 2012, in Courtroom ___ of the United States District Court for the Southern

District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New

York, NY 10007. At this hearing the Court will consider whether the Settlement is fair, reasonable,

and adequate. If there are objections, the Court will consider them. Judge Crotty will listen to

people who have asked to speak at the hearing. The Court will also consider how much to pay to

Plaintiffs' Counsel. The Court may decide these issues at the hearing or take them under

consideration. We do not know how long these decisions will take. The Court may adjourn or

continue the Settlement Hearing without further notice to the Class.

**21.** **Do I Have to Come to the Hearing?**

No. Co-Lead Counsel will answer questions Judge Crotty may have. But, you are welcome

to come at your own expense. If you send an objection, you don't have to come to Court to talk

about it. As long as you mailed your written objection on time, the Court will consider it. You may

also pay your own lawyer to attend, but it is not necessary.

**22.** **May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you

must send a letter saying that it is your intention to appear in *Yu v. State Street Corporation, et al.*,

Civil Action No. 1:08-cv-08235-PAC. Be sure to include your name, address, telephone number,

your signature, and the number of Fund shares purchased between July 1, 2005 and May 31, 2008,

inclusive. Your notice of intention to appear must be received no later than _____, 2012,

by the Clerk of the Court, counsel for Lead Plaintiff, and Defendants' counsel, at the addresses listed

in Question 18. You cannot speak at the hearing if you exclude yourself from the Class.

- 17 -

## IF YOU DO NOTHING

### 23.   What Happens if I Do Nothing at All?

If you do nothing, you'll get no money from the Settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same issues in this case.

## GETTING MORE INFORMATION

### 24.   Are There More Details About the Settlement?

This Notice summarizes the proposed Settlement.  More details are in the Settlement Agreement dated March 20, 2012 ("Stipulation").  You can get a copy of the Stipulation by writing to Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or from the Clerk's office at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, during regular business hours.

### 25.   How Do I Get More Information?

You can call 619/231-1058 or write to Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or visit the Claims Administrator's website at _____, call the Claims Administrator toll-free at (___) _____, or send an email to _____ _____.

### *DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

### SPECIAL NOTICE TO BANK, BROKERS, AND OTHER NOMINEES

If you hold any Fund shares purchased between July 1, 2005 and May 31, 2008, inclusive, as nominee for a beneficial owner, then, within seven (7) business days after you receive this Notice,

- 18 -

you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *SSgA Yield Plus Fund Securities Litigation*
> Claims Administrator
> c/o _____
> P.O. Box _____
> _____
> _____

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____, 2012  BY ORDER OF THE COURT
               UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF NEW YORK

670839_2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re STATE STREET BANK AND TRUST CO. FIXED INCOME FUNDS INVESTMENT LITIGATION | : MDL No. 1945 |
| NING YU, On Behalf of Himself and All Others Similarly Situated, | : Civil Action No. 1:08-cv-08235-PAC : (Relates to MDL No. 1945) |
| Plaintiff, | : CLASS ACTION |
| vs. | |
| STATE STREET CORPORATION, et al., | |
| Defendants. | |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

670926_2

## I.   GENERAL INSTRUCTIONS

1.   To recover as a member of the Class based on your claims in the action entitled *Yu v. State Street Corporation, et al.*, Civil Action No. 1:08-cv-08235-PAC (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim"). If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.   Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3.   YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, ADDRESSED AS FOLLOWS:

> *SSgA Yield Plus Fund Securities Litigation*
> Claims Administrator
> c/o _____
> P.O. Box ___
> _____

If you are NOT a member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim.

4.   If you are a member of the Class and you did not timely request exclusion in connection with the proposed Settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.   CLAIMANT IDENTIFICATION

If you purchased shares of the SSgA Yield Plus Fund and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased

670926_2

shares of the SSgA Yield Plus Fund and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the SSgA Yield Plus Fund shares which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE SSgA YIELD PLUS FUND SHARES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in SSgA Yield Plus Fund Shares" to supply all required details of your transaction(s) in the SSgA Yield Plus Fund. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases of shares of the SSgA Yield Plus Fund which took place at any time between July 1, 2005 and May 31, 2008, inclusive (the "Class Period") and *all* of your sales of shares of the SSgA Yield Plus Fund which took place at any time between July 1, 2005 and May 31, 2008, inclusive, whether

- 2 -

such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the SSgA Yield Plus Fund shares you held at the beginning of trading on July 1, 2005, and at the close of trading on May 31, 2008.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of SSgA Yield Plus Fund shares.  The date of a "short sale" is deemed to be the date of sale of SSgA Yield Plus Fund shares.

Copies of broker confirmations or other documentation of your transactions in SSgA Yield Plus Fund shares should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

670926_2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*Yu v. State Street Corporation, et al.*

Civil Action No. 1:08-cv-08235-PAC

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____, 2012

Please Type or Print

PART I:    CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____        _____
City                                                           State or Province

_____        _____
Zip Code or Postal Code                              Country

_____        _____    Individual
Social Security Number or                  _____    Corporation/Other
Taxpayer Identification Number

_____    _____
Area Code                     Telephone Number (work)

_____    _____
Area Code                     Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

- 4 -

670926_2

PART II:    SCHEDULE OF TRANSACTIONS IN SSgA YIELD PLUS FUND SHARES

A.    Number of shares of SSgA Yield Plus Fund held at the beginning of trading on July 1, 2005: _____

B.    Purchases (July 1, 2005 – May 31, 2008, inclusive) of SSgA Yield Plus Fund shares (including shares purchased via a monthly dividend reinvestment program):

| Trade Date Month Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.    Sales (July 1, 2005 – May 31, 2008, inclusive) of SSgA Yield Plus Fund shares:

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

D.    Number of shares of SSgA Yield Plus Fund held at the close of trading on May 31, 2008: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.**

670926_2

## IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Settlement Agreement (the "Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of SSgA Yield Plus Fund shares during the Class Period and know of no other person having done so on my (our) behalf.

## V.   RELEASE

1.   I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants and their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, representatives, employees, financial or investment advisors, consultants, investment bankers, commercial bankers, engineers, advisors, agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns, and insurers.

2.   "Released Claims" means all of the Released Plaintiffs' Claims and all of the Released Defendants' Claims, as defined herein.

3.   "Released Plaintiffs' Claims" means all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever (including, but not limited to, any claims for damages,

- 6 -

interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), against Defendants and their corresponding Released Persons, belonging to Lead Plaintiff and/or any or all Class Members and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, managing members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities, whether direct, indirect, individual, derivative, representative or in any other capacity, arising under federal, state, local or foreign, statutory or common law or any other law, rule or regulation, including the law of any foreign jurisdiction, concerning both known claims and Unknown Claims (as defined below), that: (i) have been asserted in the Litigation against any of the Released Persons; or (ii) could have been asserted in any forum by the Class Members or any of them (as purchasers of Fund shares during the Class Period) against any of the Released Persons (a) arising out of or based upon the allegations, transactions, facts, matters, breaches, occurrences, financial statements, statements, representations or omissions involved, set forth, or referred to in the Litigation and (b) relating to the purchase of Fund shares during the Class Period (except that Released Plaintiffs' Claims do not include claims, rights or causes of action or liabilities whatsoever (1) to enforce the Settlement; or (2) for breach of violation of any of the terms of the Stipulation or orders or judgments issued by the Court in connection with the Settlement).

4.      "Released Defendants' Claims" means any and all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local statutory, or common law or any other

- 7 -

law, rule, or regulation, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in the Litigation or any forum by Defendants, or the heirs, successors, and assigns of any of them against Lead Plaintiff, other plaintiffs in the Litigation, Co-Lead Counsel, any of the Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation, excluding any claims for breaches of the Stipulation.

5.     "Unknown Claims" means any Released Plaintiffs' Claims which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, would or might have affected his, her or its settlement with and release of the Released Persons, or would or might have affected his, her or its decision not to object to the Settlement; and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release, which, if known by him, her or it, would or might have affected his, her or its decision(s) with respect to the Settlement. Lead Plaintiff or the Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Lead Plaintiff and the Class Members shall expressly, upon the Effective Date, be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims (including Unknown Claims, as defined herein), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such

- 8 -

different or additional facts. Likewise, Defendants may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Defendants' Claims, but Defendants shall expressly waive, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Defendants' Claims (including Unknown Claims, as defined herein), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Class Members by operation of law shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims, Released Defendants' Claims and Released Plaintiffs' Claims was separately bargained for and was a key element of the Settlement, of which this release is a material and essential part, and expressly waive the benefits of (i) the provisions of §1542 of the California Civil Code, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR,

and (ii) any and all provisions or rights conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.

- 9 -

This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

6.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in the SSgA Yield Plus Fund which occurred during the Class Period as well as the number of shares of the SSgA Yield Plus Fund held by me (us) at the beginning of trading on July 1, 2005 and at the close of trading on May 31, 2008.

8.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this __ _____, _____ day of _____
                                                  (Month/Year)

in _____  _____  _____
        (City)                          (State/Country)


                                    _____
                                    (Sign your name here)


                                    _____
                                    (Type or print your name here)
                                    - 10 -

670926_2

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.  Please sign the above release and declaration.

2.  Remember to attach supporting documentation, if available.

3.  Do not send original stock certificates.

4.  Keep a copy of your claim form for your records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.  If you move, please send us your new address.

- 11 -

670926_2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

In re STATE STREET BANK AND TRUST :   MDL No. 1945
CO. FIXED INCOME FUNDS            :
INVESTMENT LITIGATION            :
                                        :

NING YU, On Behalf of Himself and All :   Civil Action No. 1:08-cv-08235-PAC
Others Similarly Situated,           :    (Relates to MDL No. 1945)
                                        :
                    Plaintiff,   :   CLASS ACTION
                                        :
      vs.                           :
                                        :
STATE STREET CORPORATION, et al.,   :
                                        :
                  Defendants.   :

——————————————————— x

SUMMARY NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION

EXHIBIT A-3

674778_2

TO:   ALL PERSONS AND ENTITIES WHO PURCHASED SHARES OF THE SSgA YIELD
PLUS FUND BETWEEN JULY 1, 2005 AND MAY 31, 2008, INCLUSIVE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District

Court for the Southern District of New York, a hearing will be held on _____, 2012, at ____

_.m., before the Honorable Paul A. Crotty, at the Daniel Patrick Moynihan United States

Courthouse, 500 Pearl Street, New York, NY 10007, for the purpose of determining, among other

things: (1) whether the proposed settlement of the Litigation for the sum of $6,250,000 in cash

should be approved by the Court as fair, reasonable, and adequate; (2) whether, thereafter, the

Litigation should be dismissed with prejudice against the Defendants as set forth in the Settlement

Agreement dated March 20, 2012; (3) whether the Plan of Allocation of settlement proceeds is fair,

reasonable and adequate, and therefore should be approved; and (4) the reasonableness of the

application of Co-Lead Counsel for the payment of attorneys' fees and expenses incurred in

connection with this Litigation.

If you purchased SSgA Yield Plus Fund shares between July 1, 2005 and May 31, 2008,

inclusive, your rights may be affected by this Litigation and the settlement thereof. If you have not

received a detailed Notice of Pendency and Proposed Settlement of Class Action, and a copy of the

Proof of Claim and Release form, you may obtain copies by writing to *SSgA Yield Plus Fund*

*Securities Litigation*, Claims Administrator, c/o _____, P.O. Box _____, _____,

_____, or by downloading this information at www._____.com. If you are a Class Member, in

order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and

Release form postmarked no later than _____, 2012, establishing that you are entitled to a

recovery. You will be bound by any judgment rendered in the Litigation unless you request to be

excluded, in writing, to the above address, postmarked by _____, 2012.

Any objection to any aspect of the Settlement must be filed with the Clerk of the Court no

- 1 -

674778_2

later than _____, 2012, and *received* by the following counsel to the parties no later

than _____, 2012:

> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> Ellen Gusikoff Stewart
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
>
> ROPES & GRAY LLP
> Robert A. Skinner
> Prudential Tower
> 800 Boylston Street
> Boston, MA  02199

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

**REGARDING THIS NOTICE.**

DATED: _____, 2012         BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
                                            SOUTHERN DISTRICT OF NEW YORK

674778_2